Cornelius Windle, Defendant in Error, v. The Empire State Surety Company, Plaintiff in Error.

### Gen. No. 14,635.

1. INSURANCE—*effect of failure to give notice of disability.* In the absence of a provision in a policy so providing, the failure of the insured to give notice of disability does not work a forfeiture of his right of action.

2. INSURANCE—*what not essential to liability for disability. Held,* under the policy in suit that it was not necessary to liability that the injury suffered should "immediately and continuously prevent the assured" from performing any kind of business, etc.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed November 8, 1909.

STEIN, MAYER & STEIN, for plaintiff in error; HARRY W. ROSENBLUM, of counsel.

No appearance by defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of the fourth class in the Municipal Court, by the defendant in error against plaintiff in error, on an accident insurance policy, plaintiff had judgment for $100, to reverse which defendant prosecutes this writ of error. The defendant in error has

not filed a brief. One of the provisions of the policy sued on, under the head of "General Agreements," is the following:

"(1) Written notice of death or disability shall be given to the Company at its Home Office in New York City, as soon as it is reasonably possible to do so. Affirmative proof of death, loss of limb or sight, or duration of disability must be furnished to the Company within two months from time of death, loss of limb or sight, or termination of disability. Legal proceedings for recovery hereunder shall not be brought within three months from date of filing proof at the Company's Home Office; or brought at all after six months from time of death, loss of limb or sight or termination of disability. Claims not brought as herein required shall be forfeited to the Company."

The clause in such provision, "Claims not brought as herein required shall be forfeited to the company," refers only to the "legal proceedings" for recovery on the policy. The policy contains no provision making the giving of notice of disability a condition precedent to a right of recovery on the policy, or for forfeiture in case such notice is not given. Plaintiff testified that he was injured May 11, and he gave no notice thereof until June 25. No excuse for such delay appears in the evidence. The defendant contends that such delay was unreasonable and is a bar to recovery upon the policy. The cases cited in support of this contention are cases where the policies provided that payment should be made only if notice should be given, or that if the notice was not given within the prescribed time, the policy should be void, or the right of action thereon barred. This policy contains no such provision. The defendant might easily have provided in the policy that no action could be brought thereon unless notice of loss had been given. Where the policy contains such provision, the courts have enforced it. We cannot hold, in the absence of such a provision, that the failure of the plaintiff to give notice of disability worked a forfeiture of his right of action on

the policy. Coventry Insurance Association v. Evans, 102 Pa. 281.

The policy contains the following provisions:

"A. *Accident Indemnity*. In case the Assured shall, during the term of this insurance, sustain bodily injuries effected solely through external, violent and accidental means—suicide, sane or insane not included—which injuries shall, directly and independently of all other causes, result in loss of life, limb, sight or time, as herein defined, the Company will pay the amounts below specified;

(1) If these injuries shall immediately and continuously prevent the Assured from performing any and every kind of business pertaining to his occupation, the Company will pay the Assured the weekly indemnity for the time actually lost, for a period not exceeding two hundred weeks;

(2) Or, when the injury received as aforesaid shall not wholly disable the Assured, but shall disable him from the performance of one or more of the duties pertaining to his regular occupation, the Company will pay the Assured during the continuance of such partial disablement a weekly indemnity at the rate of $2.50 for each $1,000.00 principal sum for a period not exceeding twenty-six (26) consecutive weeks."

Under these provisions, if the assured sustains a bodily injury which shall directly result in loss of time as defined in the policy, the company is liable. It is not necessary to liability that such injury "shall immediately and continuously prevent the assured" from performing any kind of business, etc.; for the company is liable for partial as well as for total disability—for total under clause 1, and partial under clause 2, above quoted. To recover for partial disability it is not necessary, under the provisions of the policy, that such injury "shall immediately and continuously prevent the assured" from the performance of one or more of the duties pertaining to his regular occupation; but for partial disability the limit of recovery is $2.50 for each $1,000 principal, for a

period not exceeding twenty-six consecutive weeks. The plaintiff testified that he was injured May 11 in assisting to unload marble from a wagon for his employer; that he worked the remainder of May 11, May 12, and the forenoon of May 13; that after he became able to go out he could not lift marble, and that if he could have gotten a job where he would not have to lift marble, he would not be paid the union scale of wages, and that the union would not allow him to work. Clearly, plaintiff was not entitled to indemnity for total disability under the provisions of clause 1, above quoted, for his injury did not "immediately and continuously prevent him from performing any and every kind of business pertaining to his occupation." At most his testimony tended to show partial disability for twenty weeks. He was assured for $1000, and the limit of his right to recover for partial disability, under the testimony and the provisions of clause 2, was $2.50 a week for twenty weeks, or $50. The evidence is insufficient to support the finding and judgment for $100.

Plaintiff testified that he was injured in unloading marble at St. Luke's hospital May 11. The clear preponderance of the evidence is that plaintiff did not work at St. Luke's hospital May 11; that his employer did not deliver any marble at said hospital on that day; that on said day plaintiff worked for his employer at the Fisher building.

But if it be conceded that from the evidence the court might properly find that the plaintiff was injured about the time testified to by him, the question remains whether the evidence is sufficient to support a finding that the disability for which he recovered was the result of such injury. He testified that his injury was brought about by a slab of marble falling against him May 11; that he worked until noon of May 13; that he was in bed from May 13 to May 26; that May 27 he walked some distance, and then, for the first time, saw a physician; that he told the physician that he

had a pain in his back; that he thought it was a cold because he had, about May 10, worked in a building at Halsted and Seventy-ninth streets, which was entirely open, and that the weather on said day was raw and cold; that after his conversation with the physician "he believed that he had a claim against the defendant upon his policy of insurance." The physician testified that he found plaintiff in an exhausted condition; that said condition might have been brought about by overwork, but that he thought that the pain was brought about by a strain. There is no testimony tending to show against or upon what part of plaintiff's body the slab of marble fell. Neither the plaintiff nor his physician testified to any sign of injury on the person of defendant, and their testimony is the only testimony tending to show that plaintiff's disability was the result of an injury. Their testimony is not, in our opinion, sufficient to support a finding that plaintiff's disability was the result of an injury.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*