MYRTRA M. HOWELL, Respondent, v. SECURITY MUTUAL LIFE INSURANCE COMPANY, Appellant.*

---

St. Louis Court of Appeals. Opinion Filed June 5, 1923.

1. **INSURANCE: Life Insurance: Policy: Construction: Construed Liberally in Favor of Assured:** A life insurance policy is to be construed liberally in favor of the assured and against the insurer.

2. ———: ———: ———: ———: **Policy Susceptible of Two Interpretations: Construction Most Favorable to Assured Adopted.** Where life insurance policy is susceptible of two interpretations, equally reasonable, that construction most favorable to the assured must be adopted, even though in fact intended otherwise by the insurer.

3. ———: ———: ———: ———: **Construed as not to Defeat Claim of Indemnity if Possible.** The law does not favor forfeitures, and contracts of insurance must be so construed, if possible, as not to defeat the claim to indemnity.

4. ———: ———: ———: ———: **Provisions Limiting Liability: Construed Most Strongly Against Insurer.** The provisions in a life insurance policy, limiting or avoiding liability, must be construed most strongly against the insurer.

5. ———: ———: ———: ———: **Policy Construed as Thirty Payment Life: Not Thirty Year Term Policy.** A life insurance policy by the terms of which the insurer agreed to pay the beneficiary $1000 up-

(692)

on receipt of evidence satisfactory to the company, of the fact and cause of death occurring during the continuance of the contract, but not providing that it shall terminate at the end of thirty years, or that it shall only be payable in the event the insured dies within thirty years from the date thereof, *held* a thirty payment life policy and not a thirty year term policy.

*Headnotes 1. Life Insurance 25 Cyc, p. 739; 2. Life Insurance 25 Cyc, p. 739; 3. Life Insurance 25 Cyc, p. 740; 4. Life Insurance 25 Cyc, p. 739; 5. Life Insurance 25 Cyc, p. 743.

*Reporter's Note:* *Certiorari* issued in the above cause by the Supreme court, on hearing was quashed November 25, 1924. See 267 S. W. 379.

Appeal from the Circuit Court of Lincoln County.—*Hon. Edgar B. Woolfolk,* Judge.

AFFIRMED.

*R. L. Sutton, J. L. Gregory* and *H. D. Hinman* for appellant.

(1) The policy in suit is manifestly not a thirty payment life policy, such a construction is an impossible one under the rules of construction applicable to insurance contracts. 1 Cooley's Briefs on Insurance, pages 627-628-629-630-637; Bass v. Pioneer Life Insurance Co., 227 S. W. (Mo. App.) 639; Bothmann v. Metropolitan Life Insurance Co., 231 S. W. (Mo. App.) 1010-1011; Parker-Russell M. & Mfg. Co. v. Insurance Co. of North America, 240 S. W. (Mo. App.) 250-251; Maupin v. Southern Surety Co., 205 Mo. App. 85; Taylor v. Loyal Protective Insurance Co., 194 S. W. (Mo. App.) 1057; Strother v. Accident Ass'n, 193 Mo. App. 721; Dunn v. Life & Accident Co., 197 Mo. App. 471; Penn v. Travelers' Insurance Co., 225 S. W. (Mo. App.) 1034; Aetna Life Insurance Co. v. Kansas City Electric Light Co., 184 Mo. App. 722; Straus v. The Imperial Fire Insurance Co., 94 Mo. 188-189; Renshaw v. The Mo. State Mut. F. & M. Insurance Co., 103 Mo. 604; Mitchell Furniture Company v. Imperial Fire Insurance Co., 17 Mo. App. 628; 25 Cyc. 739-740. (2) It is fundamental that an insurance con-

tract, like other contracts, must be construed as a whole and enforced along the line of its true intendment as disclosed by a consideration of all its terms and provisions. It must be viewed from end to end and from corner to corner and all its terms pass in review, for one clause may modify, limit or illuminate the other. Mathews v. Modern Woodman, 236 Mo. 342; 1 Cooley's Briefs on Insurance, page 628; Bothmann v. Metropolitan Life Insurance Co., 231 S. W. (Mo. App.) 1010; Maupin v. So. Surety Co., 205 Mo. App. 85; Taylor v. Loyal Protective Insurance Co., 194 S. W. (Mo. App.) 1057; Dunn v. Life & Accident Co., 197 Mo. Ap. 471; Aetna Life Insurance Co. v. Kansas City Electric Light Co., 184 Mo. App. 722; Straus v. The Imperial Fire Insurance Co., 94 Mo. 188-189; Mitchell Furniture Company v. Imperial Fire Insurance Co., 17 Mo. App. 628; 25 Cyc. 740. (3) The rule that of two constructions of a policy the one favorable to the insured will be adopted if consistent with the objects for which the policy was issued, cannot be availed of to define away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties. The rule of liberal construction in favor of the insured and of strict construction against the insurer must be applied fairly and reasonably. Not only must there be an unexplained ambiguity in the language of the contract to invoke this rule, but even when such ambiguity exists the court in construing the contract cannot go further than a fair construction of the language used will permit. 1 Cooley's Briefs on Insurance, page 637; Bothmann v. Metropolitan Life Insurance Co., 231 S. W. (Mo. App.) 1011; Parker-Russell M. & Mfg. Co. v. Insurance Co. of North America, 240 S. W. (Mo. App.) 250-251; Taylor v. Loyal Protective Insurance Company, 194 S. W. (Mo. App.) 1057; Strother v. Accident Ass'n, 193 Mo. App. 721; Penn v. Travelers' Insurance Co., 225 S. W. (Mo. App.) 1034. (4) A contract of insurance differs in no respect from other contracts as to the rules for their interpretation. The object is, as in all con-

tracts, to ascertain the meaning and intention of the parties to be gathered from the whole instrument. Not only should every part of the policy be considered, but such a construction should, if possible, be put upon the contract as will harmonize and give effect to all its provisions. The rule of liberal construction in favor of the insured and of strict construction against the insurer applies only where the language or some of the terms of the contract remain doubtful after applying the usual rules of construction. 25 Cyc. page 739. Renshaw v. The Mo. State Mut. F. & M. Insurance Co, 103 Mo. 604; Cooley's Briefs on Insurance, pages 627-629-630; Maupin v. So. Surety Co., 205 Mo. App. 85; Dunn v. Life and Accident Co., 197 Mo. App. 471; Taylor v. Loyal Protective Insurance Co., 194 S. W. (Mo. App.) 1057; Strother v. Accident Ass'n, 193 Mo. App. 721.

*Howell & Jackson* and *Jones, Hocker, Sullivan & Angert* for respondent.

(1) The policy sued on unconditionally undertakes to pay the principal sum to the beneficiary upon the death of the insured. While such death must occur during the continuance of the policy, there is nothing in the policy which limits the continuance of the insurance to the premium payment period of thirty years. (2) If the language of an insurance policy is doubtful or ambiguous, it will be construed against the insurer, so as to effectuate the insurance and not defeat it. Stix v. Travelers Indemnity Co., 175 Mo. App. 171; Souders v. Casualty Co., 246 S. W. 613; Mathews v. Modern Woodmen, 236 Mo. 342. And this rule applies even where the insurer may have intended a different construction. LaForce v. Ins. Co., 43 Mo. App. 530. (3) The general agreement to indemnity upon the death of the insured will not be limited or destroyed by subsequent clauses of the contract which do not show an express intention to so limit the insurance. Southland Life Ins. Co. v. Hopkins, 219 S.

W. (Tex.), 265; Milburn v. Life Ins. Co., 209 Mo. App. 236; Souders v. Casualty Co., 246 S. W. 613; Renshaw v. Ins. Co., 103 Mo. 609; Roseberry v. American Benevolent Assn., 142 Mo. App. 559. (4) The contract of insurance, being drawn by the insurer who makes his own terms and conditions, will not be tolerated as a snare to the unwary. The contract will be construed with a view to protecting the insured from traps arising by virtue of ambiguous or doubtful language. Mathews v. Modern Woodmen, 236 Mo. 343; LaForce v. Ins. Co., 43 Mo. App. 530.

BRUERE, C.—This is an action upon a life insurance policy issued by the defendant on the life of plaintiff's husband, James E. Howell. The cause was tried by the court without a jury, upon an agreed statement of facts, and the trial resulted in a judgment for the plaintiff for one thousand one hundred and thirty dollars. Unavailing in its motion for a new trial the defendant appealed.

The only question presented by this appeal is whether the policy in suit is a "Thirty Payment Life Policy" or a "Thirty Year Term Policy."

The policy bears date the 9th day of August, 1906. The provisions of the policy pertinent to the question presented are as follows:

"Security Mutual Life Insurance Company, by this policy of insurance, agrees to pay one thousand dollars at its home office, upon receipt of evidence satisfactory to the company of the fact and cause of death, occurring during the continuance of this contract, of James E. Howell of Troy, County of Lincoln, State of Missouri, to Myrtra M. Howell, his wife, if living at the time of such death, otherwise to the executors or administrators of said insured.

"This contract is made in consideration of the application for this policy, which is made a part hereof. Also in consideration of the annual premium of twenty-nine and 69/100 dollars, to be paid in advance on delivery of this policy. . . .

## "PROVISIONS.

"First. To continue this policy in force subsequent premium payments of twenty-nine dollars and sixty-nine cents each shall be made to the company at its home office on or before the 9th day of August in every year for the term of 30 years from the date of issue. . . .

"Fourth. This policy shall share equitably in all accumulations from lapses, interests and mortality savings, as determined by the actuary of the company, and if in force on the 9th day of August 1936, the insured shall then have his choice of the following options:

"First. To surrender this policy properly receipted, and receive therefor in cash all such accumulations then to its credit; or,

"Second. To receive therefor a non-participating paid-up policy for such an amount as its cash value will purchase at single premium rates; or,

"Third. Beginning on the 9th day of August, 1936, this policy may be continued as a Renewable One Year Term Policy at attained age, without medical re-examination, and all accumulations apportioned and to its credit shall be applied to maintain the original rate level. Should such accumulations become exhausted the insured shall be required to pay only the net rate for One Year Term Insurance, and nothing for the general fund."

. . .

It appears, from the agreed statement of facts, that James E. Howell paid the first or initial annual premium of twenty-nine dollars and sixty-nine cents, and also paid the annual premium of twenty-nine dollars and sixty-nine cents, due on said policy for the years 1907, 1908, 1909, 1910, 1911, and 1912, but neither he nor any one on his behalf paid anything on account of any premium on said policy due subsequent to August 9, 1912; that James E. Howell died at Troy, Mo., on June 12, 1919, leaving surviving him, his wife, Mrytra M. Howell, the plaintiff in this action; that, thereafter, on July 12, 1919, the defend-

ant insurance company received, from the plaintiff, proofs of death of the said James E. Howell, which said company returned to the plaintiff with a letter in which it stated that the policy had lapsed for non-payment of premium.

The agreed statement of facts further stipulates as follows:

"That is the policy sued on herein is a thirty payment life policy for $1000, then three-fourths of the reserve on such policy calculated and applied as a net single premium in accordance with section 6946, Revised Statutes of Missouri 1909, to the purchase of extended insurance would continue said policy as extended insurance for its full amount, $1000, from the date of its lapse on August 9, 1913, for the non-payment of the premium due on that date, to a date beyond the death of the said James E. Howell.

"A 'Thirty Payment Life Policy' is one which by its terms requires the payment of premiums thereon annually in advance for thirty years only, and which at the expiration of such thirty year period becomes fully paid-up for life, no further premium payments being required thereunder, but which remains in force and is payable upon the death of the insured.

"That if the policy sued on herein is a thirty year term policy for $1000, then three-fourths of the reserve calculated and applied as a net single premium in accordance with section 6946, Revised Statutes of Missouri 1909, to the purchase of extended insurance was insufficient to continue said policy as extended insurance from the date of its lapse on August 9, 1913, on account of non-payment of the premium due thereunder on that date, to the date of the death of the said James E. Howell.

"A 'Thirty Year Term Policy' is one which by its terms requires payment of premiums thereon annually in advance for a term of thirty years only, and which is payable only in the event of the death of the insured within such stipulated term of thirty years and while such

policy is in force, and under which nothing is payable in event the insured survives the stipulated term of thirty years.''

In interpreting the contract in question certain fundamental canons of construction, relating to the construction of insurance contracts, should be kept in mind. They may be stated as follows: (1) The policy is to be construed liberally in favor of the assured and against the insurer. (2) Where a policy is susceptible of two interpretations equally reasonable, that construction most favorable to the assured must be adopted, even though in fact intended otherwise by the insurer. (3) The law does not favor forfeitures, and contracts of insurance must be so construed, if possible, as not to defeat the claim to indemnity. (4) The provisions in a policy, limiting or avoiding liability, must be construed most strongly against the insurer. [Cunningham v. Union Cas. & Surety Co., 82 Mo. App. 614; Souders v. Commonwealth Casualty Co., 246 S. W. 613; Stix v. Indemnity Co., 175 Mo. App. 177, 157 S. W. 870; Mathews v. Modern Woodmen, 236 Mo. 342; 139 S. W. 151; Still v. Insurance Co., 185 Mo. App. 553, 172 S. W. 625; La Force v. Williams City Ins. Co., 43 Mo. App. 530; Stark v. Insurance Co., 176 Mo. App. 580, 159 S. W. 758; Rosenbach v. Fid. & Cas. Co., 204 Mo. App. 154, 221 S. W. 386; Rieger v. London Guar. & Acc. Co., 202 Mo. App. 204; Wiest v. Insurance Co., 186 Mo. App. 29, 171 S. W. 570; Schmol v. Travelers Ins. Co., 189 S. W. 600; 1 Joyce on Insurance (2 Ed.), pp. 574, 575, 581; 25 Cyc. 740; Cooley on Insurance, 636; 14 R. C. L. 926.

By the first clause in the policy the defendant promised to pay to the plaintiff one thousand dollars, *upon receipt of evidence satisfactory to the company of the fact of death,* occurring during the continuance of the contract, of the insured. This is the only clause in the policy which deals directly with the agreement to pay the indemnity.

According, to the agreed statement of facts, the distinguishing feature of a thirty year term policy is that

it provides for the payment of the indemnity only during said term of thirty years; that is to say, the insurance is only payable in the event the insured dies within thirty years from the date of the policy.

It will be noted that the policy in question does not provide that it shall terminate at the end of thirty years, or that it shall only be payable in the event the insured dies within thirty years from the date thereof.

But counsel contends that the clause *"during the continuance of this contract,"* limits the payment of the indemnity in the event of death within the thirty year period. We cannot bring ourselves to subscribe to this contention. The insertion of said clause in the policy is consistent with either form of the policy. Every insurance policy contains a similar clause thus limiting the payment of the insurance. The non-payment of premiums is the only contingency provided for in the policy upon which the policy shall discontinue. Said clause evidently refers to the limitation relating to this contingency. But if there is a doubt as to the meaning of said clause that doubt, under the canons of construction herebefore mentioned, must be resolved in favor of the assured.

Counsel further contends that the language contained in the first paragraph of the provisions of the policy limits the payment of the policy in the event of the insured's death within the thirty year period. This clause does not limit the duration of the policy, but simply fixes the date and the amount of the premium to be paid; and is not inconsistent with a thirty payment life policy.

Learned counsel for defendant further contends that the policy should be construed as a thirty year term policy because of the options given the insured at the end of thirty years from the date thereof, and which options are hereinabove set out.

The clause marked "fourth," giving the assured the choice of said options, does not provide that the policy

shall cease and determine on the said 9th day of August, 1936. But learned counsel for defendant urge that there is an implied intention, contained in these options, to limit the duration of the insurance under the policy. The term of insurance, in the policy in question, cannot be limited by implication. Under the main provision of the policy the defendant agreed to pay the indemnity sued for upon the death of the insured, and the term of insurance thus fixed cannot be cut down by implication.

If it had been the intention of the company to limit the payment of the indemnity in the event of death during the thirty year period during which premiums are to be paid, as now contended for, it would have been easy to say so in unequivocal language.

We hold that the policy is a thirty payment life policy.

It follows that the judgment herein should be affirmed. The Commissioner so recommends.

PER CURIAM—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the county of Lincoln is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.