JAMES P. WALKER, TO THE USE OF EDWARD FORISTEL, ASSIGNEE, RESPONDENT, v. AMERICAN AUTOMOBILE INSURANCE COMPANY, A CORPORATION, GARNISHEE OF BROOKS FAULK, APPELLANT.—70 S. W. (2d) 82.

St. Louis Court of Appeals. Opinion filed April 3, 1934.

Motion for rehearing filed April 13, 1934.

Motion for rehearing overruled April 17, 1934.

*Bryan, Williams, Cave & McPheeters* for appellant.

*Foristel, Mudd, Blair & Habenicht* and *James J. O'Donohoe* for respondent.

1206

SUTTON, C.—This is a garnishment proceeding, based on a liability insurance policy. The cause was tried to the court, without the intervention of a jury. There was a judgment for plaintiff for $6,144.55, and the garnishee appeals.

The cause was submitted on the following agreed statement of facts:

"It is hereby stipulated and agreed by and between the parties hereto, by their respective counsel, that this cause shall be tried by the Court without the intervention of a jury, jury trial being hereby expressly waived, and that the facts hereinafter set forth shall be taken as true in the trial of this cause as though established by competent evidence taken in open court; provided, however, that this stipulation shall be without prejudice to the right of either party to introduce other and further competent and material evidence not inconsistent with the facts herein stipulated to be taken as true.

"The facts are as follows:

"The American Automobile Insurance Company on or about June 3, 1926, issued and delivered to one Brooks Faulk its certain policy of insurance whereby it agreed to insure Brooks Faulk for the term of twelve calendar months beginning June 3rd, 1926, and ending June 3rd, 1927, against direct loss or expense arising or resulting from claims upon Brooks Faulk for damages by reason of the ownership and maintenance of a Chevrolet automobile, Serial (factory) No. 3V-56591, Motor No. 2465823, for an amount not exceeding $10,000, if claims were made on account of bodily injuries or death accidentally suffered by any person as the result of any accident occurring while said policy was in force, the liability of the American Automobile Insurance Company resulting from bodily injuries to or the death of one person being limited to $5,000, and to investigate all accidents and pay all costs taxed against Brooks Faulk in any legal proceeding against him which were defended by the American Automobile Insurance Company, and to pay the interest accruing upon that part of any judgment which was not in excess of the policy limits. A copy of said policy is attached hereto and made a part hereof to the same extent as if set out in full in the body of the stipulation. By the terms of said policy Brooks Faulk was prohibited from voluntarily assuming any liability or interfering in any negotiation for settlement, and the American Automobile Insurance Company agreed to investigate all accidents covered by said policy and to defend in the name of said Faulk all suits on account of such accident, whether groundless or not, and reserved the right to settle or defend as it elected any claim or suit brought against Brooks Faulk. And the policy further provided that no action should lie against the American Automobile Insurance Company to recover for loss or expense under said policy until the amount of the damages should have been rendered certain, either by final judgment against Brooks Faulk or by agreement between the parties, with the written consent of the American Automobile Insurance Company.

"On or about June 16, 1926, and while said policy was in full force and effect, Brooks Faulk, while operating said above-described Chevrolet automobile, injured one James P. Walker, and thereafter, on or about the 19th day of May, 1927, the said James P. Walker instituted suit in the Circuit Court of the City of St. Louis, Missouri, against Brooks Faulk for damages on account of said injuries, which action was styled 'James P. Walker, plaintiff, v. Brooks Faulk, defendant, No. 117,344, Series B, Division 8 of the Circuit Court of St. Louis, Missouri,' and thereafter judgment was had in said cause in favor of said James P. Walker and against Brooks Faulk for the sum of $10,000. No motion for a new trial was filed and no appeal taken, and the time for doing so has now expired. Said judgment has been duly assigned by James P. Walker to Edward W. Foristel. No

notice of any kind of said accident or of any injury to James P. Walker was given to the American Automobile Insurance Company until after the said suit was filed in May, 1927. On May 24, 1927, a copy of the petition and summons in said cause No. 117,344 of Walker v. Faulk was delivered by Faulk to the American Automobile Insurance Company.

"After the suit was filed and under date of June 2, 1927, Brooks Faulk made a report of the accident to the American Automobile Insurance Company and furnished it with a statement of the facts surrounding the accident. Under date of June 6, 1927, the American Automobile Insurance Company disclaimed all liability under said policy in the following letter of that date from the American Automobile Insurance Company to Mr. Brooks Faulk:

" 'We have at hand a report of accident made out by you on June 2nd, 1927, with reference to the accident itself which occurred June 16, 1926; also your statement left at this office June 3, 1927, covering the facts.

" 'We are returning herein original petition in the suit of James P. Walker vs. Brooks Faulk, filed to the June term, 1927, of the Circuit Court, City of St. Louis, in the sum of $15,000, suit No. 117,344, this suit being brought by Mr. James P. Walker, who was the party injured in your accident of June 16, 1926, as we are unable to handle this accident and defend this suit on account of your policy violation with reference to immediately reporting accidents occurring in connection with the use of your automobile. While the accident occurred in June, 1926, you did not report it to us because you considered it a trivial matter until suit was filed against you nearly a year later.

" 'We are, therefore, compelled to disclaim all liability under your policy for this suit or any other claims which might be made against you growing out of this accident, and accordingly we disclaim responsibility for any judgment recovered against you in this suit or any court costs or any amounts paid by you in settlement or defense of this suit or any other claims growing out of this accident.'

"The American Automobile Insurance Company took no part whatever in the defense of the suit of James P. Walker against Brooks Faulk, in which said judgment was obtained against Brooks Faulk, as set out above.

"Execution No. 153, April Term, 1929, of the Circuit Court of the City of St. Louis was duly issued on said judgment in said cause No. 117,344 and the American Automobile Insurance Company duly summoned as garnishee, interrogatories filed and answers thereto filed.

"And this cause shall be taken as submitted on said interrogatories and answers thereto and the above set forth facts and any other evidence offered by the parties hereto not inconsistent herewith."

The policy, attached to and made a part of the agreed statement of facts, after setting out the name of the insured and the schedule of coverage, including the premium charged, and the schedule of statements, including a description of the automobile insured, provides as follows:

"This policy is issued by the company subject to all the terms, provisions, conditions, limitations and agreements set forth on the following pages of this policy, all of which are hereby referred to and made a part hereof, and to all of which the assured by the acceptance of this policy agrees."

Then follow provisions whereby the company insures the insured against direct loss or expense arising or resulting from claims upon the insured for damages by reason of the ownership or maintenance and use of the automobile described, in the sum of not exceeding $5,000, if such claims are made on account of bodily injuries or death accidentally suffered or alleged to have been suffered by any person as the result of an accident occurring while the policy is in force.

Then follow provisions whereby the company agrees to investigate all accidents covered by the policy and to defend in the name and on behalf of the insured all suits thereon whether groundless or not and to pay all costs taxed against the insured in any legal proceeding against the insured which is defended by the company.

Then, following these provisions, the policy provides, among numerous other things, under the caption, Conditions, Limitations and Agreements, as follows:

"Upon the occurrence of any loss or accident and irrespective of whether any injury or damage is apparent at the time, the Assured shall give immediate written notice to the Company at its Home Office in St. Louis, Missouri, or to its authorized agent, with the fullest information obtainable at the time: if a claim is made on account of any such accident the Assured shall give like notice thereof immediately after such claim is made, with full particulars: if thereafter any suit is brought against the Assured to enforce such claim, the Assured shall immediately forward to the Company every summons or other process as soon as the same shall have been served: whenever requested by the Company, the Assured shall aid in effecting settlement, securing information and evidence, the attendance of witnesses, and in prosecuting appeals, and at all times render all possible co-operation and assistance: the Assured shall not voluntarily assume any liability or interfere in any negotiations for settlement or in any legal proceeding or incur any expense or settle any claim, except at Assured's own cost, without the written consent of the Company previously given: The Company reserves the right to settle or defend, as the Company may elect, any such claim or suit brought against the Assured.

"No action shall lie against the Company to recover for loss or expense 'under this policy arising or resulting from claims upon the Assured for damages until the amount thereof shall have been fixed and rendered certain, either by final judgment against the Assured after trial of the issue or by agreement between the parties with the written consent of the Company, nor in either event unless brought within two years thereafter."

Defendant assigns error here upon the refusal of its instruction in the nature of a demurrer to the evidence. This assignment is grounded on the failure of plaintiff to give immediate written notice of the accident as required by the policy. Defendant says that the failure of the insured to give such notice defeats liability on the policy.

At this juncture we are confronted with what was said by our Supreme Court in Cowell v. Employers' Indemnity Corporation, 326 Mo. 1103, 34 S. W. (2d) 705. In that case a liability policy was involved. A judgment was obtained against Pupillo, the insured, and the Employers' Indemnity Company was served as garnishee under an execution on that judgment. The garnishee defended on the ground that the insured had violated the terms of the policy by falsely claiming at first that the automobile mentioned in the policy was not being driven by him, or by anybody in his behalf, or with his knowledge and consent, at the time of the accident. In rejecting this defense the court said:

"It is alleged that such conduct constituted a failure of Pupillo's part to furnish insurer all the information within his knowledge concerning the accident and to render co-operation and assistance; hence was a breach of the contract on his part. It is pleaded that the policy provides that upon request of insurer the assured shall furnish such information and render cooperation and assistance. But it is not pleaded that such request had been made, *or that under the terms of the policy any forfeiture or penalty of any kind shall follow failure of the insured to comply with that provision, or that such failure will release insurer from the duty to defend or from liability.* The policy provides that upon request assured shall do the things mentioned, *but is silent as to the effect of his failure so to do. Appellant did not plead or claim that the alleged withholding until 'just before the trial' of information that Pupillo was driving the car prevented it from making any defense it might otherwise have made, nor that it could not have obtained a postponement of the trial had it so desired.* It pleaded that it notified Pupillo of its withdrawal in time for him to secure other counsel to represent him at the trial. If that be true, did it not still have time itself to make whatever preparation could be made to meet the situation presented by Pupillo's revelation of the facts, even though that revelation was somewhat belated?

That Pupillo was guilty of the conduct thus attributed to him is not a conceded fact. Those allegations of appellant's reply are expressly denied by plaintiff in a reply filed by him to appellant's reply, and appellant offered no evidence to prove the alleged facts, the burden of proving which rested upon it. *But had those allegations of appellant's reply been proved or admitted we think they would not constitute justification for appellant's withdrawal from the defense.* [See Ornellas v. Moynihan, supra (16 S. W. (2d) 1007). [We need not consider what might have been the effect of the alleged misrepresentation with respect to appellant's duty to proceed with the defense or its right to withdraw therefrom *if it had been alleged and shown that the misrepresentation disabled or prejudiced appellant in making a defense* or if the correct information when given had shown a state of facts under which the insurer would have been liable. No such facts are alleged in this case.''

The Cowell case can hardly be distinguished, in principle, from the case at bar. In the Cowell case the policy required the insured to furnish to the insurer all the information within his knowledge concerning the accident. In the present case the policy requires the insured to give the fullest information obtainable. In the Cowell case the insured did not give the insurer all the information within his knowledge. On the contrary, he knowingly made a positive misrepresentation of a most material fact. Yet the court clearly holds that such misrepresentation and concealment of a material fact, does not bar recovery, in the absence of any provision in the policy for forfeiture, or release from liability, on account thereof, or some showing of prejudice to the insurer thereby.

In Dezell v. Fidelity & Casualty Co., 176 Mo. 253, 75 S. W. 1102, the policy in suit, which was an accident policy, provided that, ''this policy is issued subject to the conditions on the back hereof.'' Among the conditions on the back of the policy were the following: ''Immediate written notice of accident must be given to the company; affirmative proof of loss must be furnished as soon as the nature and extent of same can be determined, and any legal proceedings for recovery must be commenced before six months in case of death.'' Defense was made on the ground that these conditions of the policy had not been complied with. The court, in rejecting this defense, said:

''In all the cases above discussed in which the terms of the policies in regard to the notice and proofs of loss are given, it is stipulated that the failure to give such notice and furnish such proofs should operate as a forfeiture of all claims under the policy. But in the case at bar there is no such penalty specified in the policy and none such is pleaded. . . . In discussing a similar clause in a policy, the Supreme Court of Nebraska has said: 'There is no forfeiture ex-

pressly provided for, and we are not authorized to supply one by construction.' . . .

"Thus it appears that the courts draw a distinction between policies which call for the notice of death and proofs of loss, and stipulate that a failure to give such notice or furnish such proof shall work a forfeiture of the insurance, and policies which call for such notice and proofs but make no stipulation as to the consequence of failure to comply with such call. And whilst the courts are powerless to strike out the forfeiture feature in those contracts in which the parties have seen fit to insert it, they are equally powerless to insert such a feature when the parties have not seen fit to do so."

In Allman v. Order of United Commercial Travelers of America, 277 Mo. 678, 213 S. W. 429, which was an action on a life policy, the defense was failure to give notice of death as required by the policy. The court, in sustaining this defense, said:

"By the contract itself it is provided that the failure to give the notice required thereby shall work an immediate forfeiture. There is no ambiguity in the language. The parties had the power to give this effect to the violation of the provision for notice; and since they have given it this effect, this court can no more strike this stipulation from the contract than it could insert it had the parties omitted it. [Dezell v. Fidelity & Casualty Co., 176 Mo. l. c. 281.]"

In Gratz v. Highland Scenic Railway Co., 165 Mo. 211, 65 S. W. 223, the court said:

"Where the terms of a contract are left open to construction, and the question is, do they amount to a condition subsequent or to a covenant, the inclination should be to hold it a covenant. A condition that works a forfeiture is not favored and the law will not presume that it was intended if the terms used can as reasonably be construed to mean a covenant."

In Shanebarg v. National Accident Society (Mo. App.), 263 S. W. 512, which was an action on an accident policy, this court said:

"The refusal of the trial court to peremptorily direct a verdict for defendant is assigned as error. It is said that plaintiff made no case, since the evidence showed that he failed to comply with the condition of the policy requiring notice to the defendant within twenty days after the accident. It may be noted that the policy does not expressly provide for a forfeiture in case of failure to give such notice, nor make the giving thereof a condition precedent to recovery. Forfeitures are not favored; and we do not think that we would be authorized to supply one by implication from the language employed in the policy. [See Dezell v. Fidelity & Casualty Co., 176 Mo. 253, l. c. 281, 75 S. W. 1102; Zackwik v. Fire Ins. Co. (Mo. App.), 225 S. W. 135.]"

In James v. United States Casualty Co., 113 Mo. App. 622, 88 S. W. 125, which was an action on an accident policy, the court said:

"The policy contained a provision requiring the assured to give notice to defendant within ten days of the accident. The notice was not given. There was no provision of forfeiture in case notice was not given. There was, however, at another part of the policy, a provision that a claim should not be valid 'unless the provisions and conditions of the contract of insurance are complied with by the insured.' We do not regard this as an express provision that the policy would be forfeited for want of notice. There should be a clear and an express statement for forfeiture before the courts will enforce it. [Dezell v. Casualty Co., 176 Mo. 279-282; 4 Joyce on Ins., sec. 3282.]"

In Malo v. Niagara Ins. Co. of New York (Mo. App.), 282 S. W. 78, which was an action on a fire policy, the court said:

"We think, undoubtedly, that the verdict was for the right party in this case, and it is unnecessary to pass upon the question as to whether the court erred in the giving and refusal of the instruction. The policy fails to provide for any forfeiture in case of failure on the part of insured to give immediate notice of the loss in writing or to make proof of loss within sixty days, and, the defendant not desiring to provide for forfeiture for failure to do these things, we are not justified in reading such forfeiture into the contract, although the policy in another place provides that 'no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all of the foregoing requirements.'"

In Everett v. Patrons' & Farmers' Mutual Fire Insurance Company (Mo. App.), 7 S. W. (2d) 463, which was an action on a fire policy, the court said:

"Defendant attempts to make the point that plaintiff forfeited his right of recovery by failing to file a sworn statement of loss within sixty days, and that the refusal of defendant's instruction 5, on this question, was error. It is true the by-laws provide for such a notice, but there is no provision therein for a forfeiture for failure to notify. The point is therefore without merit."

See, also, to the same effect: Hagelin v. Commonwealth Life Ins. Co., 106 Neb. 187; Windle v. The Empire State Surety Co., 151 Ill. App. 273; St. Paul Fire & Marine Ins. Co. v. Owens, 69 Kan. 602; Pennsylvania Fire Ins. Co. v. Waggener, 44 Tex. Civ. App. 144; Stinchcombe v. New York Life Ins. Co., 46 Ore. 316; Taber v. Royal Ins. Co., 124 Ala. 681; Mason v. St. Paul Fire & Marine Ins. Co., 82 Minn. 336; American National Ins. Co. v. Rardin (Okla.), 177 Pac. 601.

In Ash-Grove Lime & Portland Cement Co. v. Southern Surety Co., 225 Mo. App. 712, 39 S. W. (2d) 434, the plaintiff sued on what is known as a fleet liability insurance policy covering liability resulting from ownership, maintenance, or use of the automobiles described in the policy, "subject to the exceptions, conditions, and limitations" stated therein. It was also agreed that the policy should be extended to cover any additional automobiles the insured might obtain by purchase or trade provided the assured should within thirty days after their acquisition make report to the company of such automobiles. No report of the acquisition of the automobile involved in the suit was made within thirty days. The failure to make such report was set up as a defense. The court held the defense bad, and in so holding, said:

"At most the provision imposed only a condition subsequent. As stated, the policy contains no forfeiture provision for failure to perform the condition. It is well settled in this State that if parties do not insert a forfeiture clause in the policy, the courts may not read such a clause into it. In the case of Malo v. Ins. Co. (Mo. App.), 282 S. W. 78, the policy provided for notice of loss and proof thereof, and that unless these requirements were fully met, no suit could be maintained. The court held, the policy having failed to provide for forfeiture for failure to give notice and furnish proof of loss within sixty days, forfeiture was not available, citing numerous cases. To the same effect is the case of Everett v. Ins. Co., 222 Mo. App. 1010, 7 S. W. (2d) 463, 468. Many other Missouri cases support this rule which we need not cite."

In Hope Spoke Company v. Maryland Casualty Co., 102 Ark. 1, plaintiff sued on a liability policy. The suit was defended for failure of the insured to give immediate notice of the accident. In rejecting this defense the court, after reviewing the authorities, said:

"In the absence of an express stipulation declaring this requirement to be of the essence of the contract, and therefore a condition precedent to the right of recovery, we do not think that it is correct to say that such a requirement is of the essence of the contract unless it is shown to materially affect the rights of the parties in the given case."

In George v. Aetna Casualty & Surety Co., 121 Neb. 647, which was a suit on a liability policy, defense was made for failure to comply with a provision of the policy requiring immediate notice of the accident. The court, in rejecting this defense, said:

"Forfeitures are looked upon with disfavor in Nebraska, and in insurance cases a forfeiture will not be declared unless the contract specifically provides for such forfeiture. [Haas v. Mutual Life Ins. Co., 84 Neb. 682.] This court has held repeatedly that it will not impose a forfeiture by implication or by construction of a contract where there is no specific provision contained in the contract impos-

ing forfeiture. The rule is set out in the syllabus of Hagelin v. Commonwealth Life Ins. Co., 106 Neb. 187, as follows: 'Where there is no specific provision in a policy of life insurance for forfeitures, either whole or partial, on a breach of a condition by the assured, the court will not write one in; nor can the insurer afterwards impose new conditions creating a forfeiture without the consent of the insured, and without a new consideration.'

" 'Forfeitures are not favored, and in contracts of insurance a construction resulting in a loss of the indemnity for which the insured has contracted will not be adopted except to give effect to the obvious intention of the parties.' [Phenix Ins. Co. v. Holcombe, 57 Neb. 622. See Haas v. Mutual Life Ins. Co., 84 Neb. 682.]

"The policy in the case at bar provided that the insured should give immediate notice of an accident, but a careful reading of the policy discloses that it contained no forfeiture clause. This court repeatedly has held that denial of liability on account of failure to comply with a provision in a policy requiring immediate notice to insurer of the happening of an accident amounts to a forfeiture, and that such a forfeiture will not be enforced where, as in the present case, the policy does not provide for such a forfeiture. [Klingler v. Milwaukee Mechanics Ins. Co., 193 Wis. 72.]"

In Employers' Liability Assurance Corp. v. Jones County Lumber Co., 111 Miss. 759, an employer insured against liability for injuries to his employees, was sued by an employee on April 18, 1913. The accident occurred May 15, 1911. No notice of the accident or of the suit was given until June 17, 1913. The court met on June 23rd. The policy provided for the giving of immediate notice of the accident and of the suit. The insurer declined to defend the suit on the ground that the insured had not notified it of the accident, and also because it was not promptly notified of the suit, and defended the insured's suit against the insurer on the same ground. The court held that such failure to give notice did not bar the insured's recovery, and in so holding quoted with approval what was said in Hope Spoke Company v. Maryland Casualty Co., supra.

In Shirley v. American Automobile Ins. Co., 163 Wash. 136, a suit on a liability policy of insurance, the defense was the failure of the insured to give prompt notice of the suit brought against him for injuries covered by the policy. The court held that such failure was not fatal to the insured's cause of action, and, in so holding, said:

"Furthermore, the policy does not in express terms declare that it shall be forfeited for a breach of this particular condition. The clause declaring the policy void is directed against concealment of material facts concerning the subject of the insurance, fraud, attempted fraud, or false swearing by the assured touching matters relating to the insurance, which we cannot conceive covers a failure

to notify the company of the pendency of an action. Forfeitures, it must be remembered, are not favored either in law or equity, and will not be enforced unless the right thereto is clear and certain.'' [See also: Watson v. Ocean Accident & Guarantee Corp., 28 Ariz. 573; Sovereign Camp, Woodmen of the World v. Meek, 185 Ark. 419; Empire State Surety Co. v. Northwest Lumber Co., 203 Fed. 417; Parmelee v. Aetna Life Ins. Co., 166 Fed. 741; National Surety Co. v. Railroad, 200 Fed. 675; Gunsul v. American Surety Co., 308 Ill. 312; Melcher v. Ocean Accident & Guarantee Corp., 226 N. Y. 51; Massachusetts Protective Ass'n v. Daugerty, 87 Colo. 469; Beehler v. Gas Co., 121 Kan. 642.]

Appellant urges that it is not relying upon a forfeiture, but is relying simply upon a condition precedent, to defeat, not to forfeit, the right of recovery on its policy. It would serve no useful purpose to enter upon a discussion of the refinements distinguishing conditions precedent and conditions subsequent. Obviously the notice provision in this policy is a provision looking to the avoidance of liability, and it suffices to say that the courts of this State, and elsewhere with a few exceptions, have refused to regard a provision such as this as a condition that defeats recovery or avoids liability for failure to give the notice within the time stipulated, in the absence of any showing of prejudice to the insurer thereby, unless the policy expressly so declares in some sort of appropriate and unambiguous language. This is made manifest by the cases cited. To this end we have quoted from a number of these cases *in extenso*.

In the present case the policy provides that the insured shall give immediate notice of the accident, but it is not claimed ''that under the terms of the policy any forfeiture or penalty of any kind shall follow failure of the insured to comply with that provision, or that such failure will release the insurer from the duty to defend or from liability.'' The policy provides that the insured shall give such notice, ''but is silent as to the effect of his failure so to do.'' It is not shown or claimed by appellant that the failure of the insured to comply strictly with the notice provision ''prevented it from making any defense it might otherwise have made'' to plaintiff's suit against the insured. Nor was it shown that such failure ''disabled or prejudiced appellant in making a defense.'' [Cowell v. Employers' Indemnity Corp., supra.] There is no express word in the policy releasing the insurer from liability for failure to give immediate notice of the accident, ''and we are not authorized to supply one by construction.'' [Dezell v. Fidelity & Guaranty Co., supra.]

It will be observed that we have cited and quoted not only from cases involving liability insurance but also from cases involving other classes of insurance, such as fire, accident and life insurance. Appellant contends that there is a distinction to be made between li-

ability insurance and other classes of insurance. This contention is satisfactorily and soundly answered, we think, in Hope Spoke Co. v. Maryland Casualty Co., supra, in the following language:

"It is urged that, in construing a stipulation of that kind in a policy, a distinction should be made between employer's liability insurance and other kinds of insurance. We perceive no reason for such distinction. The purpose of requiring notice is to give the insurer an opportunity to investigate the facts and circumstances affecting the question of its liability and the extent thereof. The reasons for enforcing the requirement, therefore, apply to one class of insurance as well as another."

It is pertinent to observe here that the provision in the policy for the giving of immediate notice of the accident is not a provision in any way affecting the risk insured. It has to do with matters succeeding the event which brings about the liability covered by the policy. The liability insured, that is the liability of the insured to the injured party, arises instantly upon the happening of the accident and the consequent injury. The arising of the liability of the insured to the injured party does not await the rendition of a judgment. When the judgment is rendered, it becomes but the conclusive evidence of the previously existing liability, and affords the means through which satisfaction of the liability may be enforced. In other words, the judgment merely adjudicates the fact of the liability which arose upon the happening of the accident, and concludes the parties with respect to such liability. The insurance is co-extensive with such liability.

As already said, it is not shown or claimed in this case that the insurer suffered any loss or injury by reason of not having received an earlier notice of the accident. The insurer had notice of the accident and of the pendency of the suit in ample time to appear and defend the suit. So far as the record discloses all the witnesses were available at the trial of the suit, and, on the whole, no damage whatever is shown to have resulted to the insurer by reason of the delay in giving notice of the accident. The summons and petition served on the insured were promptly transmitted to the insurer, and evidently the suit was not tried for many months thereafter. There is no suggestion in the record of any fraud or bad faith on the part of the insured in failing promptly to give the insurer notice of the accident. It appears that he failed to do so because he regarded the accident as trivial. Nor is there any suggestion in the record of collusion on the part of the insured with the injured party. Nor is it charged or shown that a fraudulent claim was made against the insured, or sued upon, or that, if the claim was fraudulent, the insurer did not have ample opportunity, after receiving notice of the accident and the suit, to investigate the accident, obtain the witnesses, and expose

the fraud. In this state of the record we are unwilling to hold that the insurer is entitled to defeat recovery for the liability incurred by the insured and clearly covered by the policy, on account of the delay shown in giving notice of the accident.

Appellant, in argument, stresses the fact that the policy here, in express terms, provides that the insurance is subject to the agreement that the insured shall give immediate notice of any accident, and says that this provision makes the agreement to give notice a condition precedent entitling the insured to arbitrarily defeat the insurance for breach of the agreement. We cannot accept this view. The provision that the insurance is subject to the agreement to give notice falls far short of giving a right to defeat the insurance for failure to perform the agreement within the time specified for its performance, without any showing of prejudice to the insurer thereby. The provision means that the insurance is subject to the agreement construed as it ought to be construed, that is, with a proper regard for the consequences of its breach. [See cases supra: Dezell v. Fidelity & Casualty Co.; Gratz v. Highland Scenic Railway Co.; James v. United States Casualty Co.; and Malo v. Niagara Fire Ins. Co.]

It is well to be reminded here of certain fundamental canons of construction relating to insurance contracts, as follows: (1) The policy is to be construed liberally in favor of the insured and against the insurer; (2) where the policy is susceptible of two constructions, equally reasonable, that construction most favorable to the assured must be adopted, even though in fact intended otherwise by the insurer; (3) the policy must be so construed, if possible, as not to defeat the claim to indemnity; and (4) the provisions in the policy looking to the avoidance of liability must be construed most strongly against the insurer. [Howell v. Security Mutual Life Ins. Co., 215 Mo. App. 692, 253 S. W. 411; State ex rel. Security Mutual Life Ins. Co. v. Allen, 305 Mo. 607, 267 S. W. 379.]

It is well to be reminded, too, of the rule, applicable to contracts generally, uniformly recognized in this State, that time is not ordinarily of the essence of the contract, unless the contract expressly so declares, or unless from the subject-matter or nature of the contract, or the surrounding circumstances, it is apparent that the parties so intended. [Mastin v. Grimes, 88 Mo. 478; Richards v. Johnson (Mo.), 261 S. W. 53; Carroll v. Hassell, 161 Mo. App. 424, 143 S. W. 835; Lane v. Nunn, 211 Mo. App. 280, 243 S. W. 427.]

It may not be impertinent to observe, in passing, that the lively concern the appellant now manifests about the importance to it of having immediate notice of the accident, is impressive, in view of the lack of concern manifested by it, respecting the importance of such notice, when it wrote the policy and sold it to the insured. If the appellant, when it wrote the policy and sold it to the insured, regarded immediate

notice of the accident of such importance to it that the failure of the insured to give such immediate notice should operate to release it from liability, it would have been an easy matter for it to have plainly provided in the policy that such failure should have that effect. Not having so provided, appellant ought not be permitted, when called upon by the assured for the protection he purchased and paid for, to supply the omission by construction, or an exegesis of learned counsel on the fine points of the law relating to conditions precedent and subsequent.

Columbia Paper Stock Co. v. Fidelity & Casualty Co., 104 Mo. App. 157, 78 S. W. 320, is cited and relied on by appellant as sustaining its view. As we construe the opinion in that case it does not hold that the provision requiring immediate notice of the accident is a condition such as defeats the insurance for its breach in the absence of any showing of prejudice to the insurer. The opinion merely concedes that there is respectable authority so holding.

Finkle v. Western Automobile Insurance Company (Mo. App.), 26 S. W. (2d) 843, is cited and relied on by appellant as supporting its view. We do not think that case supports appellant's view. It involved a liability policy insuring Harry Gruverman and Joseph Gruverman against loss from liability imposed by law upon them by reason of the ownership, maintenance, of use, of their automobiles. Plaintiff was injured in an accident by one of the assureds' automobiles. A suit against the assureds was duly set down for trial. About two weeks before the cause was to be tried the insurer discovered that the assureds had absconded. Not being able to locate the assureds, the insurer withdrew from the case, and judgment was rendered in favor of plaintiff against the assureds without any defense being made to the suit. In the garnishment proceeding by plaintiff against the insurer, it was held that the absconding of the assureds and their failure to appear at the trial of the plaintiff's suit against them as witnesses and parties thereto, if shown, was a good defense, since this amounted to a breach of the assureds' agreement to co-operate with the insurer in the defense of the suit, which necessarily left the insurer without either witnesses or clients to defend the suit, and placed the insurer in a position that it was unable to properly defend the suit. Of course, the holding in that case is no authority to support the appellant's view in the present case.

In Nevil v. Wahl (Mo. App.), 65 S. W. (2d) 123, the insured made no attempt whatever to comply with the provisions of the policy respecting notice of the suit against the insured. The insurer was never informed as to where the suit was pending, nor was there any evidence that the insurer was ever given a copy of the summons or petition as required by the policy. Moreover, after a default judgment was rendered against the insured, the insurer employed at-

torneys for the purpose of having the default judgment set aside, in order to represent the insured and have the case tried upon its merits, during the term of court at which the judgment was rendered. These attorneys prepared and presented to the insured a motion to have the judgment set aside, which they had a right to file under the law.' The insured refused to sign the motion for the reason that she wanted the insurer to pay plaintiff, who was her husband's sister-in-law, thus, in evident collusion with the insured, obstructing the insurer in its efforts to defend the suit against her on its merits, in flagrant violation of the provision of the policy requiring her to co-operate with the insurer in the defense of the suit. That case, of course, is not authority here.

In Hill v. Jackson (Mo. App.), 272 S. W. 105, cited by appellant, there was no question involved respecting the right of the insurer to defeat the insurance for breach of the notice provision of the policy.

National Paper Box Co. v. Aetna Life Insurance Co., 170 Mo. App. 361, 156 S. W. 740, decided by the Kansas City Court of Appeals, is the only case in this State, so far as we are advised, wherein the insured under a liability policy has been denied recovery on account of the breach of the notice provision of the policy. That case, we think, is impliedly disapproved by later decisions of the same court, hereinbefore cited, and was decided, of course, long prior to the decision of our Supreme Court in the Cowell case.

There are decisions in other jurisdictions supporting appellant's contention here, but such decisions are out of harmony with the decisions in this State and the weight of authority elsewhere.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Becker* and *McCullen, JJ.*, concur; *Hostetter, P. J.*, not sitting.