George **LAMBERT**, d/b/a **Lambert Motor Company, Appellant,**

v.

**TRAVELERS FIRE INSURANCE COMPANY, Appellee.**

No. 17785.

United States Court of Appeals Fifth Circuit.

Feb. 18, 1960.

686

S. Gunter Toney, Carl R. Pennington, Jr., Tallahassee, Fla., for appellant.

Roy T. Rhodes, Horne & Rhodes, Tallahassee, Fla., for appellee.

Before RIVES, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

George Lambert was a used car dealer in Chattahoochee, Florida. He had a policy of insurance issued by the appellee, The Travelers Fire Insurance Company, insuring him against loss resulting from theft of cars. The policy contained a provision requiring the insured to

"give notice thereof as soon as practicable to the company or any of its authorized agents, and also, in the event of theft, larceny, robbery or pilferage, to the police, but shall not, except at his own cost, offer or pay any reward for recovery of the automobile."

Another clause required the insured to "file proof of loss with the company within sixty days after the occurrence of loss, unless such time is extended in writing by the company, in the form of a sworn statement of the insured setting forth the interest of the insured and of all others in the property affected, any encumbrances thereon, the actual cash value thereof at time of loss, the amount, place, time and cause of such loss, the amount of rental or other expense for which reimbursement is provided under this policy, together with original receipts therefor, and the description and amounts of all other insurance covering such property."

In August of 1957 Lambert was in acute financial straits. He had a number of checks out, some for substantial amounts and no funds to cover them. The manager of the company which had been financing Lambert's operations became concerned about its security. Other creditors were disturbed. On Tuesday, August 27, 1957, Lambert left town, ostensibly on a trip for the buying of cars. On prior occasions his trips for such purposes had been from three or four days to a week. As on former occasions, Lambert left his sales manager, Roger Hewitt, in charge upon his departure. On the day following his departure Lambert telephoned to Hewitt, saying that he, Lambert, was going to have to stay out on the road because Mr. Malone, the manager of the finance company, was after him about the money he owed Mr. Malone. Davis, the holder of Lambert's check or checks for a substantial amount, and Malone, the manager of the finance company holding trust receipts on many of the cars which were Lambert's stock in trade, were looking for Lambert. Hewitt denied knowing Lambert's whereabouts. There was street talk that Lambert had "skipped."

On Friday of the week of Lambert's disappearance Davis came to Hewitt and stated that he was going to take some of the cars for what Lambert owed him.

Hewitt told Davis he shouldn't do that because Malone was financing Lambert. Hewitt left the premises for a little while and then observed Davis driving cars off. Davis told Hewitt he was getting his cars off. Hewitt made no effort to stop Davis nor did he then or thereafter complain to any police officer or sheriff. What he did do was to make a report by telephone to Malone who lived in the neighboring city of Quincy, Florida. Malone came to Chattahoochee, talked with Davis, and Malone had the rest of the cars driven away from Lambert's lot. In Hewitt's language, Mr. Malone "came over and took over." Hewitt located and gave Malone the keys to some of the cars.

The absence of Lambert caused the agent who had sold him the insurance to suggest to the insurance company that the policy be cancelled. This was done by a letter dated September 10, 1957, directed to Lambert giving notice that cancellation of the policy would be effective on September 22, 1957. Lambert learned of this notice before the end of the month. Lambert returned to Chattahoochee in January, 1958, and called the insurance agent saying that he wanted to try to collect the insurance. He quoted the agent as replying that he would write the company and have it investigate. The insurance company denied liability and Lambert sued on the policy in the United States District Court basing jurisdiction on diversity of citizenship. At the close of the testimony the defendant insurance company, the appellee here, moved for a directed verdict and, in addition to the general grounds that Lambert had failed in the sufficiency of his proof, asserted that he could not recover because he had not given notice and had not filed proof of loss within the time limited by the policy, and that recovery was precluded because it was not shown that the removal of any vehicle from the premises of Lambert constituted "theft, larceny, robbery or pilfering" under the terms of the policy. Argument was heard with Lambert contending, as he contends here,

that the insurance company had waived the policy requirements as to the filing of proof of loss. The court decided that Lambert had failed to comply with the provisions of the policy with reference to the filing of proof of loss in the specified time and that the company had not waived this requirement. On this ground the court directed a verdict for the insurance company. The other grounds of its motion were not ruled upon. From a judgment on the verdict Lambert has appealed.

■ The motion to dismiss might well have been granted upon the ground that the evidence was insufficient to show that there was any theft, larceny or robbery of any of the vehicles covered by the insurance. However, it was placed upon the ground that proof of loss had neither been furnished nor waived. It is not claimed that any proof of loss was made within the time fixed in the policy or at any other time. It is claimed that the furnishing of the proof of loss was waived by the insurance company. The burden of proving the waiver rested upon Lambert. 29 Am.Jur. 1081, Insurance § 1442.

■■ Florida, by whose law we are to determine this appeal, seems no less liberal in applying the doctrines of waiver in insurance cases than are other jurisdictions. 18 Fla.Jur. 245, Insurance § 332. Lambert urges that there was an attempted retroactive cancellation of the policy which induced a failure to furnish the required proofs. As to this it is enough to say, as the district court pointed out at the trial, the cancellation was prospective and had no effect, one way or another, on the liability or absence thereof of the insurance company to Lambert for the cars taken from his premises at the beginning of his four and a half months absence. The most nearly persuasive of the matters urged by Lambert to support his claim of waiver is the denial of liability by the agent of the insurance company. As stated by the Supreme Court of Florida:

"The rule seems to have been well settled that when an insurer denies liability during the period prescribed for the presentation of proof of loss on grounds not relating to the proof of loss, such denial will ordinarily be considered as a waiver of the provisions of the policy requiring the filing of a proof of loss. The reason for the rule is simply that the law will not require the doing of a useless thing. When the insurer denies in advance that it has any liability under the policy coverage, the formal filing of a proof of loss becomes, in the eyes of the law, a useless and unnecessary thing that would accomplish nothing." Keel v. Independent Life and Accident Co., Fla., 99 So.2d 225, 227.

In the case before us, the period for making proof of loss had expired when liability was denied and there could be no belief induced on the part of the insured by the denial that compliance would not be required since compliance was then impossible. No prejudice to Lambert was shown by the denial of liability on some ground other than the failure to file proof of loss. The facts relied upon to constitute a waiver must occur before the time for filing the proof of loss has expired. In such a case it follows that the doctrine of waiver is inapplicable. Couch, in his treatise, thus phrases the principle:

"And waiver by acts inducing the insured to rely upon the same does not occur where such acts are done after a forfeiture has occurred, since in such a case there is nothing that the insured can do at such time to save his rights under the forfeited policy." 7 Couch on Insurance, 5533, § 1560.

With the facts and the inferences from them resolved most strongly for Lambert and against the insurance company the question of waiver, although ordinarily a question of fact, presented a question of law. General Accident Fire & Life Assurance Corporation v. Schero, 5 Cir., 1945, 151 F.2d 825. This question was properly decided by the district court. There was no error in directing a verdict for the insurance company. The judgment of the district court is

Affirmed.