**HAWKEYE–SECURITY INSURANCE COMPANY, Appellant,**

v.

**Mary Lee Rogers DAVIS and Norman E. Davis, Appellees.**

No. 16391.

United States Court of Appeals
Eighth Circuit.

May 6, 1960.

---

Jack A. Powell, Springfield, Mo., filed brief and made argument in behalf of appellant.

M. J. Huffman, Hartville, Mo., filed brief in behalf of appellee, without argument.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff insurer brought this declaratory judgment action to obtain an adjudication that it was not legally liable under its automobile liability insurance policy issued to defendant Nancy Lee Rogers, now Mrs. Davis, to defend and indemnify her and Norman E. Davis, now her husband, who was driving the insured automobile with the owner's con-

sent, against claims for damages asserted and judgments that might be obtained thereon as the result of the alleged negligent operation of the insured automobile by Mr. Davis on July 16, 1958.

It is admitted that plaintiff's policy covering the automobile involved in this action was in full force and effect at the time of the accident and that such policy provided coverage for both Mr. and Mrs. Davis as to liability flowing from the accident herein involved.

Diversity of citizenship exists. It is alleged and admitted that the amount in controversy exceeds $10,000. The policy provides for a maximum liability of $10,000 for personal injury and $5,000 for property damage. Personal injury and property damage resulted from the accident. Jurisdiction is established.

Plaintiff contends that it is not liable for the injuries caused by the accident because the defendants failed to give written notice of the accident as soon as practicable, as required by the policy; that the policy provides that such notice is a condition precedent to insurer's liability; that no reasonable excuse has been given for the delay in giving notice and that the Davis' right to coverage as to this particular accident was forfeited.

Plaintiff makes the further allegation that the Davis' failure to make the required accident report resulted in prejudice to plaintiff and for this additional reason plaintiff asserts it is under no obligation under its insurance contract as to this particular accident.

Mr. and Mrs. Davis denied that they failed to report the accident, denied any breach of the insurance contract, denied that the plaintiff had suffered any prejudice and denied all contentions of nonliability made by the plaintiff.

This case was tried to the court without a jury. Final judgment was entered dismissing plaintiff's complaint, and this appeal followed.

The trial court filed no formal opinion or written findings of fact or conclusions

of law, but expressed his views in an oral statement made from the bench at the close of the evidence. It fairly appears from such statement that the trial court's decision was primarily based upon his conclusion that under Missouri law plaintiff could not escape liability under its policy by reason of delay in giving notice of the accident unless the insurer proved the failure to give timely notice resulted in prejudice to it. The court further stated that the evidence would not support a finding of substantial prejudice.

The insurance policy is a Missouri contract. Consequently, Missouri law controls. The policy under the heading of "Conditions" includes the following provisions:

"Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. \* \* \*"

"Action Against Company—Part I. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy. \* \* \*"

Thus it is apparent that the policy makes giving reasonable notice of the accident a condition precedent to insurer's liability.

It is established that the first knowledge the insurer received of the accident was a notice received from the Safety Responsibility Unit, State of Missouri, on September 20, 1958, some 65 days after the accident. Insurer then wrote the insured inquiring about the accident and requesting a report thereof, which report was furnished on October 3, 1958.

The record conclusively shows that both Mr. and Mrs. Davis knew of the accident and the existence of the insurance coverage no later than a few days following the accident. The only excuse offered for not reporting the accident is that Mrs. Davis had asked her mother to report it and thought that she would do so. There is also some indication that Mrs. Davis thought her attorney might report the accident, but Mrs. Davis admits that she told her attorney that her mother was making the report. Both the mother and the attorney were agents of the insured and any neglect on the part of the agents would be imputed to the insured. Appleman, Insurance Law and Practice, § 4741, note 7; compare Campbell v. Continental Casualty Co., 8 Cir., 170 F.2d 669, 673, 6 A.L.R.2d 655. There is no evidence that either the mother or the attorney reported the accident.

While the court made no express finding on the timeliness of the notice of accident or the validity of the excuses offered for delay, it proceeded upon the basis that defendants had failed to comply with the policy provisions as to notice. For the purposes of this appeal, we shall assume without so deciding that both defendants breached the policy provision relating to giving notice of the accident.

We now reach the decisive issue in this case. Plaintiff contends that when, as here, notice of the accident has not been given in the manner required by the policy, and where the policy contains a specific provision as this one does, that compliance with policy conditions is a condition precedent to coverage, no liability attaches under the policy for damages occasioned by an accident not reported in the manner required by the policy.

Northwestern Mutual Ins. Co. v. Independence Mutual Ins. Co., 319 S.W.2d 898, decided by the St. Louis Court of Appeals in 1959, strongly supports the plaintiff's position. The court in that case deals with breach of policy conditions requiring forwarding of suit papers and cooperation by insured after suit was filed. The performance of such

conditions was expressly made a condition precedent to insurer's liability. The court, at page 902, holds:

"Where the condition is expressly made a condition precedent, the insurer is relieved of liability whether or not the insurer has been injured or prejudiced by the breach of condition."

The court, in support of the foregoing conclusion, cites and relies upon respectable authority in the form of cases from other jurisdictions and text books, including State Farm Mut. Automobile Ins. Co. v. Cassinelli, 67 Nev. 227, 216 P.2d 606, 18 A.L.R.2d 431 and Annotations in 18 A.L.R.2d 443. Plaintiff in its brief places great reliance on the Cassinelli decision.

In diversity cases it is our duty to apply state law as determined by state appellate courts. This court is not a state appellate court and has no right to determine what the state law should be. No purpose would be served by expressing our views upon the validity or persuasiveness of the reasoning upon which the view adopted by the court in the Northwestern case is based. If it may fairly be said that the Northwestern Mutual case correctly states the prevailing law in Missouri, we must follow the rule of law there announced. Since an intermediate court of appeals is not the final appellate court in Missouri, an examination of all relevant Missouri decisions is required in order to determine the status of Missouri law upon the issue we are considering.

In Western Casualty & Surety Co. v. Coleman, 8 Cir., 186 F.2d 40, 44, decided in 1950, this court was confronted with substantially the same legal problem as is here presented. There, as here, the policy contained an express condition precedent that there be a full compliance with all terms of the policy. After a full consideration of the Missouri cases, many of which are cited and discussed, this court stated:

"The Missouri cases cited have established the rule that failure of an insured to give notice of an accident will not defeat his rights under a liability policy unless it contains a provision for a forfeiture in that event or unless the insurer proves that the failure resulted in prejudice to it.

"In the instant case there was no forfeiture provision in the policy. * * * *"

We quoted from James v. United States Casualty Co., 113 Mo.App. 622, 88 S.W. 125, 127, the following:

"There was no provision of forfeiture in case notice was not given. There was, however, at another part of the policy, a provision that a claim should not be valid 'unless the provisions and conditions of the contract of insurance are complied with by the insured.' We do not regard this as an express provision that the policy would be forfeited for want of notice. There should be a clear and an express statement for forfeiture before the courts will enforce it."

It is true, as asserted by plaintiff, that this court in St. Louis Architectural Iron Co. v. New Amsterdam Cas. Co., 8 Cir., 40 F.2d 344, held that under Missouri law when the giving of a notice is a condition precedent to liability and such notice has not been given, a showing of prejudice to the insurer is not necessary to establish its defense of non-liability. As a basis for such decision, the court relied upon National Paper Box Co. v. Aetna Life Ins. Co., 170 Mo.App. 361, 156 S.W. 740, and United States Fidelity & Guaranty Co. v. W. P. Carmichael Co., 195 Mo.App. 93, 190 S.W. 648.

As we pointed out in the Western Casualty & Surety Co. case, the cases last cited were expressly overruled by the Kansas City Court of Appeals, which had decided such cases, in St. Paul & Kansas City Short Line R. Co. v. United States Fidelity & Guaranty Co., 231 Mo.App. 613, 105 S.W.2d 14, 25–26.

Plaintiff in its brief comments upon our decision in Western Casualty & Surety Co. in part, as follows:

"This now brings us to the only case we have found wherein there existed a clause setting out that notice provisions were 'conditions precedent' and the Court held that irrespective of such a clause, it was not a forfeiture clause under Missouri law, and that the insurer must prove prejudice. * * *"

"[T]he Court held that under Missouri law, the failure of the insured to give notice of an accident does not defeat recovery on the policy unless it expressly provides for a forfeiture. While, it is our opinion that the severe interpretation that the Court placed upon the term 'forfeiture' is not justified under Missouri decisions, we must concede that such interpretation was a permissible conclusion to reach when that case was heard. * * *"

The concession just quoted makes it unnecessary for us to again review in detail the many Missouri decisions bearing upon the issue confronting us. Some of the relevant Missouri cases, such as Dezell v. Fidelity & Casualty Co., 176 Mo. 253, 75 S.W. 1102, and Cowell v. Employers' Indemnity Corp., 326 Mo. 1103, 34 S.W.2d 705, relied upon by us in the Western Casualty & Surety Co. case, were decided by the Supreme Court of Missouri. Other cases were decided by the various Missouri intermediate courts of appeal. We fully recognize that decisions of intermediate courts of appeal are entitled to respect and must be given full consideration. However, an individual case of one of the intermediate courts of appeal, such as the Northwestern Mutual case, cannot to the extent that it conflicts with legal principles stated in opinions of the Supreme Court of Missouri or of the other courts of appeal, be given any conclusive effect. We held in Western Casualty & Surety Co. that under Missouri law a violation of a condition precedent did not constitute a forfeiture.

In our present case under the terms of the policy, a violation of a condition precedent does not result in a forfeiture of all rights granted by the policy. The policy remains in effect. The policy provides that the breach of condition relating to notice of the accident only bars the rights to indemnity for the unreported accident.

The rule of law announced in Northwestern Mutual is in direct conflict with our understanding of the applicable Missouri law based upon the Missouri decisions as reflected by our opinion in Western Casualty & Surety Co. case. Prior Missouri decisions reflect a great reluctance on the part of the Missouri courts to find nonliability on a policy because of violation of policy conditions in the absence of a showing of prejudice to the insurer. The court in Northwestern Mutual makes no attempt to reconcile its holding with the prior Missouri cases or to distinguish such cases.

It is possible that the Supreme Court of Missouri, when confronted with a problem such as here presented, may follow the St. Louis Court of Appeals decision in the Northwestern Mutual case. However, such a result is by no means forecast by the previous decisions of the Missouri courts.

█ Where we have been required in diversity cases to review doubtful questions of state law, we have frequently said that we will not adopt a view of state law contrary to that of the trial judge unless convinced of error. If the determination of the local law by the trial court is not induced by a clear misconception or misapplication of local law, we will not reverse. Weiby v. Farmers Mutual Automobile Ins. Co., 8 Cir., 273 F.2d 327, 331; Western Casualty & Surety Co. v. Coleman, supra.

█ Judged by the foregoing standards, we believe that the trial court in the present case reached a permissible conclusion upon the basis of Missouri law.

The trial court found the plaintiff had not established that defendants' failure to give timely notice of the accident resulted in substantial prejudice to it. Plaintiff's proof on prejudice is very

meager. Although plaintiff learned of the accident on September 20, it withheld making an investigation until November 25, on which date it obtained a waiver of rights agreement from Mrs. Davis. Mr. Davis, because of the nature of his injury, apparently could not recall the facts surrounding the accident, which disability apparently persisted from the time of the accident. It is unlikely that the insurer would have obtained any greater information from Mr. Davis, the driver of the insured car, if he had been interviewed earlier.

Some complaint is made about the insurer's inability to locate the witness Raney. Plaintiff's investigator obtained Raney's Kansas City address. There is no evidence that this lead was followed. Plaintiff likewise states that it was unable to find O'Brien, the passenger in the defendants' automobile at the time of the accident. Plaintiff did, however, receive advice from an attorney that he was representing O'Brien. Plaintiff's investigator did not recall whether he received an accident report from the Highway Patrol. He did not interview the patrolman who investigated the accident. Plaintiff asserts prejudice because the injured parties were represented by attorneys at the time the accident was reported to it. The evidence does not disclose when such attorneys were employed. It is entirely possible that the injured parties might well have been represented by attorneys before they could be interviewed, even if the accident had been promptly reported.

The facts relating to the accident are not set forth in the record. Hence, there is no basis for defendants' statement that there was no actual defense to the claims asserted except as to amount of damages.

The trial court speaks thus of the investigation:

"There is no evidence in the case that shows a diligent investigation to determine the facts of the accident or to prepare a possible defense to the claim. * * * I am impressed with the finding that right from the beginning, rather than investigate the case from the standpoint of protecting the insured's interest, as the policy required, that the insurer was preoccupied with setting up a basis for avoiding liability entirely. In other words, there is nothing yet that I find in the record that shows substantial prejudice as a result of the failure to give notice for some 60 days."

We are satisfied that the court committed no error in determining as a question of fact that the plaintiff suffered no prejudice by reason of delay in giving it notice of the accident.

One further matter requires brief consideration. Defendants have filed in this court a motion for fee allowance for services rendered them by their attorneys in the trial court and here. No legal basis for such relief is pointed out.

Defendants did not ask for attorney's fees in the trial court. They did not plead or in any other manner assert any such right under the Missouri Vexatious Delay Statute. V.A.M.S. § 375.420. Claims for attorney's fees or other damages for vexatious delay must be supported by appropriate pleadings and proof. American Surety Co. of New York v. Franciscus, 8 Cir., 127 F.2d 810, 817; Fay v. Aetna Life Insurance Co., 268 Mo. 373, 187 S.W. 861, 865.

In any event, we are satisfied that this case presents a substantial legal issue asserted in good faith and under such circumstances no attorney's fees for vexatious delay are allowable. See American Indemnity Co. v. Swartz, 8 Cir., 250 F.2d 532, 538 and cases there cited.

Moreover, the Missouri Vexatious Delay Statute is inapplicable to declaratory judgment actions such as this one brought by an insurance carrier. Maryland Casualty Co. v. Dalton Coal & Material Co., 8 Cir., 184 F.2d 181, 183; City of New York Ins. Co. v. Stephens, Mo., 248 S.W.2d 648. 653.

It is clear that the Missouri Vexatious Delay Statute affords defendants no basis for allowance of attorney's fees.

█ We are satisfied that no legal basis exists for the allowance of attorney's fees to defendants in this case. This appeal was taken in good faith and involves a substantial and doubtful legal question. Under such circumstances defendants are entitled to no damages under our rule 21(b), 28 U.S.C.A.

The judgment dismissing plaintiff's complaint is affirmed. Defendants' application for allowance of attorney's fees is denied.