GLENCO CORPORATION, a corporation, Appellant,

v.

AMERICAN EQUITABLE ASSURANCE COMPANY, a corporation, Appellee.

No. 16179.

United States Court of Appeals District of Columbia Circuit.

Argued April 21, 1961.

Decided May 11, 1961.

Mr. Arthur M. Wagman, Washington, D. C., for appellant.

Mr. N. Meyer Baker, Washington, D. C., for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant, a corporation, sued to recover $22,500, the face amount of a fire policy issued by the appellee to insure "Theda L. Knight, Trustee for Glenco Corporation." The action was dismissed at the close of the plaintiff's case, and this appeal followed.

Glenn O. Richardson, a contractor, formed the Glenco Corporation to buy, remodel and sell old houses. Richardson early in 1957 made a down payment of $750 on a farm in Maryland and took title in the name of one "Theda L. Knight, as Trustee for the purpose of transferring property to the Glenco Corporation."[1] The purchase price to be paid by Richardson was $6,500, covering 68 acres of land, some out buildings and an old 18th century farm house. In December, 1957, the house was totally destroyed by fire. An adjuster went to the premises and thereafter met with Richardson who testified as to their conference.

He "asked me who this woman was the insurance policy's name was in. I told him. * * * And he also asked me about the proof of loss. And I said,

'Well, what more do you need? You saw the place. You tell me you saw the place, and the place is burned down completely. And I have got an insurance policy here that I paid the premium on for a certain amount of money. What do you mean by a proof of loss?' "

The adjuster advised that an itemization of the claim was required. "So I picked up a piece of paper and wrote it out on a yellow scratch pad, that 'This letter is to inform you that the house is a complete loss, and this is considered a proof of loss on my part, and I want the insurance I paid for.' " There was no showing as to the extent of remodeling or of costs for labor and materials which might have gone into the project. The document was neither sworn to nor itemized.

The policy required the "insured" within sixty days to render to the company "a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance * * *" and other relevant data.

Here neither the named insured nor the corporate appellant filed the prescribed document, essential in this case to determine the loss. Richardson himself, a contractor, and experienced in the remodeling of old houses, for some reason was unwilling to supply the information sought by the appellee and to which the insurer clearly was entitled under the contract. As the trial judge observed: "The requirement of a proof of loss is no mere technicality. Its purpose is to enable the insurance company to investigate the claim, to check the

---

1. In August, 1957, Miss Knight and Richardson had a falling out, he testified, and she refused to convey the property to the Corporation. She testified she "took title to the property as trustee for the Glenco Corporation, to protect a $1,000 note that Mr. Richardson had of mine."

She would not convey the property because she "had not been repaid" the $1,000. Nor would she file a proof of loss because "It was none of my business," she testified. She had not been made a party to this action.

values of various parts of the property, and the like."

There is no evidence whatever that Richardson, if he actually was the owner, or the named insured, or anyone in their behalf had been led by representatives of the company to believe that performance of the condition of the contract was waived or might not be required.[2]

We are satisfied that on the record presented to the trier, there was no alternative but to dismiss.

Affirmed.

---

2. Appellant argued that appellee waived compliance with the conditions of the policy. Not only did the trial court refuse so to find, but upon the evidence presented it could not have so found. See generally, Taubman v. Allied Fire Ins. Co. of Utica, 4 Cir., 1947, 160 F.2d 157.