Albert L. ADELMAN and Eleanor Adelman, Appellants,

v.

ST. LOUIS FIRE AND MARINE INSURANCE COMPANY, Appellee.

No. 15916.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 29, 1960.

Decided June 22, 1961.

Petition for Rehearing Denied Aug. 11, 1961.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Charles Walker, Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D. C., were on the brief for appellants.

Mr. Cary M. Euwer, Washington, D. C., with whom Messrs. T. Howard Duckett and Richard W. Galiher, Washington, D. C., were on the brief, for appellee.

Before Mr. Justice BURTON, retired,* and WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

This is a fire insurance case, in which several defenses were raised against claims made by plaintiffs-appellants for losses due to partial destruction of a house and its contents. The District Court, after a trial without a jury, held that appellants were barred because they had failed to file written proof of loss within sixty days as required by the policy. Judgment was entered for defendant-appellee, and this appeal followed.

We are constrained to affirm. The requirement of filing formal proof of loss within sixty days is printed in bold face type in the policy, and the evidence is conclusive that the policy itself had been in the possession of appellants. It is true that appellants submitted an informal proof of loss. But this does not of itself bring about a waiver of the requirement for substantial compliance with the proof of loss provision in the policy. Glenco Corp. v. American Equitable Assurance Co., 1961, 110 U.S.App.D.C. 158, 289 F.2d 899. Here the adjuster knew of the occurrence of the fire, and reported it to the appellee. But the trial court concluded that the evidence did not show "any fraud, duress, or over-

* Sitting by designation pursuant to Section 294(a), Title 28 U.S.Code.

reaching of any sort on the part of the adjuster. Further, the Court finds there was no expression of any willingness on the part of defendant to proceed with the question of liability without securing written proof of loss or any representation or statement to the insured which might lead them to assume that the requirement might be dispensed with, or to make them delay compliance, nor were there any other statements or acts by the adjuster which could reasonably be construed to constitute a waiver of the requirement to file written proof of loss within the 60 days." These conclusions appear amply supported by the evidence.

Under the circumstances, we do not reach the other contentions of the parties. The judgment of the District Court will be

Affirmed.