**ACE VAN & STORAGE CO., Inc.,**
Appellant,

v.

**LIBERTY MUTUAL INSURANCE COMPANY,** Appellee.

No. 18254.

United States Court of Appeals
District of Columbia Circuit.

Argued May 20, 1964.
Decided June 11, 1964.

Mr. Jack H. Olender, Washington, D. C., for appellant. Mr. Milton M. Burke, Washington, D. C., was on the brief, for appellant.

Mr. John P. Arness, Washington, D. C., with whom Mr. Pierre J. LaForce,

---

Washington, D. C., was on the brief, for appellee.

Before DANAHER, BASTIAN and MC-GOWAN, Circuit Judges.

PER CURIAM:

This appeal is from a judgment for the insurer in an action to recover on a policy of insurance protecting against criminal dafalcations by employees. The facts regarding the policy and the loss are undisputed. The only question in issue here is whether, on the facts presented, the ninety-day period provided in the policy for filing proof of loss precluded recovery. The District Court, upon findings of fact and conclusions of law, held that it did. We agree.

The policy provided that a statement of loss was to be submitted to the company within ninety days of discovery of the loss, and that recovery on the policy was contingent upon compliance with the requirement.[1] Sometime in September of 1959, appellant discovered facts which tended to show that an employee was involved in embezzlement.[2] On October 9, a conference was called with an agent of appellee, attended by appellant's president, counsel, and certified public accountant. The agent of appellee was informed of the possibility of embezzlement, and the procedures to be followed in further investigation of the loss were discussed. At the end of this conference a memorandum was prepared by appellant and signed by appellee's agent which summed up the conference. The last paragraph of this memorandum stated: "The representative of [appellant] and of [appellee] will continue the investigation to as prompt a disposition of this matter as is reasonably possible."

On November 12 appellee's agent transmitted a proof of loss form to appellant to be completed and returned in accordance with the policy. In the meantime an outside accounting firm had been retained by appellant to complete the investigation. Its report was submitted to appellant on December 30. A proof of loss statement was submitted to appellee on or about February 1, 1960—some three weeks after the filing deadline.

Appellant first contends that the memorandum of the October 9 conference constituted an extension or waiver in writing of the ninety-day deadline. Appellant introduced testimony by its agents that the last paragraph of the memorandum, quoted above, was intended as such. Appellee claimed, to the contrary, that there was no such intention and pointed to Condition 13 of the policy, set forth above, which requires that any waiver or change in the provisions of the

---

1. The relevant portions of the policy are:
"*Condition 7*
"INSURED'S DUTIES WHEN LOSS OCCURS.
Upon the discovery by the insured of any loss or damage the insured shall. * * *
"(b) file proof of loss with the company within ninety days after the discovery of loss or damage, unless such time is extended in writing by the company, in the form and manner required by the company.
\* \* \* \* \*
"*Condition 9*
"ACTION AGAINST COMPANY. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy. * * *
\* \* \* \* \*
"*Condition 13*
"CHANGES. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by indorsement issued to form a part of this policy, signed by the President or a Vice President and the Secretary or an Assistant Secretary of the company and, if such signatures are facsimile signatures, counter-signed by a duly authorized representative of the company."

2. The trial court considered the discovery to have occurred at least as of October 9. Therefore the ninety-day period would have expired on January 7. There appears to be no disagreement as to the use of the October 9 date to compute the period.

policy must be made by indorsement issued to form a part of the policy and signed by officers of the company. There is a serious question, then, whether the agent could have signed a binding waiver or extension even if he purported to do so.[3] In any case, and perhaps taking this into consideration, the trial judge found that the memorandum did not constitute an agreement of waiver or extension; and we are without warrant on this record to negate this finding. FED. R.CIV. P. 52.

Alternatively, appellant contends that appellee by its conduct waived the deadline or, at least, is estopped from relying upon it. It is claimed that waiver or estoppel occurred as a result of appellee's receiving the proof-of-loss statement even though untimely; continuing discussion of the matter and, particularly, taking part in a conference in April at which an audit of the loss was discussed in some detail; and, finally, not informing appellant that appellee was relying upon the deadline provision to avoid liability. The trial judge found that appellee's conduct did not constitute a waiver since "it was not designed to lure the [appellant] into any false sense of security."

■■ We do not see how any other conclusion is possible. The conduct referred to by appellant occurred after the deadline had passed. There are obvious logical imperfections in appellant's claim that conduct occurring after a deadline was relied upon to its detriment in failing to file on time. The basis for the doctrine of waiver or estoppel is reliance upon the conduct in not meeting the deadline. It is therefore inapplicable here. See Lambert v. Travelers Fire Ins. Co., 274 F.2d 685, 688 (5th Cir. 1960); Oakley Grain & Supply Co. v. Indemnity Ins. Co. of North America, 173 F.Supp.

419, 421–422 (S.D.Ill.1959). Such conduct may, when coupled with conduct occurring before the deadline, be evidence of a waiver, but here there was no such conduct before the time period had run. In addition, we are dealing with an unambiguous contract provision of a familiar kind which has the salutary purpose of expediting settlements to the benefit of all concerned. Such provisions have been judicially expressly effectuated in this jurisdiction. See Glenco Corp. v. American Equitable Assurance Co., 110 U.S.App.D.C. 158, 289 F.2d 899 (1961) and Adelman v. St. Louis Fire & Marine Ins. Co., 110 U.S.App.D.C. 392, 293 F.2d 869, cert. denied, 368 U.S. 937, 82 S.Ct. 379, 7 L.Ed.2d 337 (1961).[4] A waiver of such a provision should not be lightly inferred. Again, the trial court's findings on this point have ample support in the record.

Affirmed.

---

3. Note should be taken that appellant had notice via the insurance policy that the agent did not have such authority.

4. Several cases are cited by appellant from other jurisdictions. Many of these are distinguishable on their facts. Others

seem to proceed from the premise that time limitations and conduct implying waiver are to be liberally construed against the insurer. To the extent that these cases are inconsistent with the result we reach, we are not persuaded by their reasoning.