Edythe F. WATERS, Appellant,

v.

AMERICAN AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 19715.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 10, 1966.

Decided June 14, 1966.

Petition for Rehearing En Banc and Petition for Rehearing before the Division Denied Aug. 5, 1966.

Mr. Leonard Z. Bulman, Washington, D. C., for appellant.

Mr. Denver H. Graham, Washington, D. C., with whom Mr. Albert E. Brault, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and FAHY and McGOWAN, Circuit Judges.

McGOWAN, *Circuit Judge:*

This is an appeal from a judgment in a garnishment proceeding. Appellee's insured, it was alleged, injured appellant by negligently operating an automobile in which appellant was a passenger. Appellant obtained a default judgment against the insured, and then initiated these proceedings to garnish the proceeds of the insurance policy which appellee had issued to its insured. At the close of appellant's case in a trial before a jury, the trial court directed a verdict for appellee. It was of the view that the insured's misrepresentations as to the ownership of the automobile, and her failure to give timely notice in accordance with the terms of the contract, relieved appellee of liability on the policy. Since the judgment may be affirmed on the second of these grounds, we do not pursue the first.

I

Appellee is a Missouri insurance company. Although it is claimed that the insured was a domiciliary of Missouri when the policy was issued, she was at that time a member of the Armed Forces and the policy was mailed to her at her temporary station in Alabama. Subsequently, the insured was stationed in Georgia where she met appellant. On September 7, 1957, while appellant and the insured were still serving officially in Georgia, the accident occurred in South Carolina. After the accident, appellant was eventually transferred to a hospital in Washington, D. C. Soon thereafter the insured received a discharge from the army and came to Washington to live. When appellant was also discharged, she took up residence in the

District as well. So far as appears from the record, both are residents of the District at the present time.

On April 21, 1958, after both appellant and the insured were located in Washington, an attorney wrote appellee that he was representing appellant in her claim against the insured. Appellee disclaimed liability under the policy, asserting, among other things, that it had not received timely notice of the accident.[1] Thereafter the default judgment was obtained in this jurisdiction, and the present proceedings instituted.

The insurance policy provides, in part, that: "In the event of an accident, occurrence or loss, written notice * * * shall be given by or for the insured to the Company or any of its authorized agents as soon as practicable." Another part of the policy states that: "No action shall lie against the Company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy. * * *"

Appellant argues that we must look to the law of Missouri to determine what effect is to be given the failure to comply with these provisions. In her view, Missouri law provides that a failure to give adequate notice will automatically discharge an insurer from liability only when there is an express forfeiture clause in the policy; absent such a clause, prejudice must be shown. It is said that the condition precedent clause in the policy is not, at least in Missouri, such a forfeiture clause. Since appellee did not establish prejudice, under this theory the trial court erred in directing a verdict for appellee.

Appellee counters that Missouri law does not apply; and that, even if it does, it is contrary to appellant's statement of it. Although appellee is somewhat obscure as to what law should apply and why, it does point to cases in the District

of Columbia which assertedly compel affirmance.

It is not necessary, however, to resolve the issue of which law should apply, nor to consider what effect, if any, some of our recent decisions might have. See Tramontana v. S. A. Empresa De Viacao Aerea Rio Grandense, 121 U.S.App.D.C. 338, 350 F.2d 468 (1965), cert. denied, Tramontana v. Varig Airlines, 383 U.S. 943, 86 S.Ct. 1195, 16 L.Ed.2d 206 (1966); Williams v. Rawlings Truck Line, Inc., 123 U.S.App.D.C. 121, 357 F. 2d 581 (1965). It appears that, on the issue in question, there is no conflict between the law of Missouri and that of this jurisdiction. Since both compel affirmance, there is no need to choose between them. Dovell v. Arundel Supply Corp., 124 U.S.App.D.C. ——, 361 F.2d 543 (1966).

## II

The law of the District of Columbia seems relatively clear. We recently, in a slightly different context, gave effect to similar provisions in an insurance policy protecting against criminal defalcations by employees. Ace Van & Storage Co. v. Liberty Mut. Ins. Co., 119 U.S. App.D.C. 6, 336 F.2d 925 (1964). In that case proof of loss was not made within 90 days of its discovery as required by the policy. Another part of the policy contained a clause similar to that in the present case which conditioned an action against the company upon fulfillment of the condition precedent of complying with the terms of the policy. We upheld the trial court's judgment for the insurance company, and stated that unambiguous provisions such as the ones there involved "have been judicially expressly effectuated in this jurisdiction." 336 F.2d at 927. See Adelman v. St. Louis Fire & Marine Ins. Co., 110 U.S. App.D.C. 392, 293 F.2d 869, cert. denied, 368 U.S. 937, 82 S.Ct. 379, 7 L.Ed.2d 337

1. The letter from the lawyer, received nearly eight months after the accident, appears to have been the first notice that appellee received that there had been an accident. Although appellant had applied to appellee for, and had received, insurance coverage on another car during that interval, there was nothing in that transaction which gave appellee notice that the preceding car had been involved in an accident.

(1961); Glenco Corp. v. American Equitable Assur. Co., 110 U.S.App.D.C. 158, 289 F.2d 899 (1961). These rulings reflect the fact that efficient and economical liability insurance administration requires early knowledge of the claim in order that proper investigation may be made. Contractual provisions designed to secure this interest are, thus, to be given effect in the interest of the public as well as that of the insurer.

Appellant does not quarrel with this view of the law of this jurisdiction, but presses her argument that the law of Missouri is both controlling and contrary. The Missouri cases are not lacking in some ambiguity on the precise question before us. The Missouri Supreme Court has not decided a case that involves the policy provisions presented here. That court has, however, spoken in a different context of the consequences that attend a failure to observe the conditions of insurance policies. As early as 1903 the court said that a forfeiture clause in a contract of insurance cannot be ignored; if the parties have decided to incorporate it into their contract, the court must give it effect as written. Dezell v. Fidelity & Cas. Co., 176 Mo. 253, 75 S.W. 1102 (1903). But the court also established the rule that it was

> equally powerless to insert such a feature when the parties have not seen fit to do so. Where no forfeiture is prescribed in the contract, the court should have regard to the consequence that results from the failure to give the notice as shown by the facts in the case, and, if it appears that the purpose for which the notice and proofs were required has really been accomplished, the plaintiffs should not be precluded.

75 S.W. at 1119. See Cowell v. Employers' Indemnity Corp., 326 Mo. 1103, 34 S.W.2d 705, 709 (1930); Lemay Ferry Bank v. New Amsterdam Cas. Co., 347

Mo. 793, 149 S.W.2d 328, 331 (1941); Dixon v. United States Fidelity & Guar. Co., 155 S.W.2d 313 (Mo.Ct.App.1941) (St. Louis); Zackwik v. Hanover Fire Ins. Co., 225 S.W. 135 (Mo.Ct.App.1920) (Kansas City); Shanebarg v. National Acc. Soc'y, 263 S.W. 512 (Mo.Ct.App. 1924) (St. Louis). Thus, in a case where there was no ambiguity as to a clause of forfeiture, the court reversed a judgment entered below for the insured's beneficiary, because the notice required by the policy was not given. Allman v. Order of United Commercial Travelers, 277 Mo. 678, 213 S.W. 429 (1919).

The Missouri Supreme Court has not, so far as we can determine, had occasion to determine whether a condition precedent clause like the one before us is so ambiguous that, when considered in light of the policy against forfeitures, it cannot be given effect. But at least one Missouri appellate court has, and it has decided the question adversely to appellant. Northwestern Mut. Ins. Co. v. Independence Mut. Ins. Co., 319 S.W.2d 898 (Mo.Ct.App.1959) (St. Louis). That case also involved a garnishment proceeding relating to an insurance policy which had a condition precedent clause precisely like the one before us. The trial court, sitting without a jury, entered judgment for the insurance company because a condition of the policy requiring the immediate forwarding of suit papers to the insurer was not fulfilled. Since the appellate court thought the record deficient in establishing whether there was compliance with the condition, it remanded for a new trial.[2] But in doing so the court expressly upheld the validity of the condition precedent clause. In its view, the clause was "clear and unambiguous" that noncompliance with the condition entitled the insurer to deny liability under the policy. 319 S.W.2d at 902. That court had previously reached the same conclusion in Donlon v. American Motorists Ins.

---

**2.** Under Missouri law, it is not necessary that the insured be the one to comply with the condition. It is sufficient if the injured party, the "unnamed beneficiary of the policy," complies. The issue provoking remand was, thus, whether the garnishee, as opposed to the insured, had complied with the condition by exercising reasonable diligence in forwarding the papers to the insurance company.

Co., 147 S.W.2d 176 (Mo.Ct.App.1941) (St. Louis).[3]

St. Paul & Kansas City Short Line R.R. v. United States Fidelity & Guar. Co., 231 Mo.App. 613, 105 S.W.2d 14 (1937) (Kansas City), is consistent. In that case, the trial court held the insurance company liable on its policy. On appeal, the company urged that the failure to notify the company of the accident in question and to forward suit papers immediately, which were conditions of the policy, relieved it from liability. It argued that these provisions of the policy were conditions precedent to its liability. But the court affirmed the disposition below. It thought that (1) the policy did not contain any language of forfeiture; (2) the insured had complied with the provisions; and (3) no prejudice from the delay in notification was shown. Unlike the case before us, the policy there in question does not appear to have contained express language that compliance with its terms was a condition precedent to the insurer's liability. Rather, the company's argument seemed to be based upon two earlier cases where the Kansas City Court of Appeals had construed similar provisions as conditions precedent to defeat recovery under the policy.[4] In expressly overruling those cases, the court stated that it could not, consistently with the *Dezell* and *Cowell* cases, adopt a construction that created a forfeiture when none had been provided by the parties. Thus, as with the cases decided by the Missouri Supreme Court, both what the court said and what it did are consistent with *Northwestern Mutual, supra.*[5] Indeed, in light of the courts' repeated statements that clear provisions in the policy must be given effect, the conclusion stated in the *Northwestern Mutual* case seems more in keeping with the reasoning of these courts than that urged upon us by appellant.

The Missouri cases say that only when a provision is ambiguous and susceptible of more than one interpretation should courts construe it to avoid a forfeiture. When a provision is clear, it is to be given effect. *E. g.*, Meyers v. Smith, infra note 8. The language of the condition in the policy before us is clear. The only Missouri case involving the same language declared it to be unambiguous and enforcible, *Northwestern Mutual, supra;* and no Missouri case can be said to have declared it not to be. It is not suggested that Missouri would regard such a clause as contrary to its policy, and we cannot infer from the guides before us that Missouri courts would consider the clause unreasonable. Utilizing such a provision may reduce the risks

**3.** Perhaps *Donlon* is distinguishable on the ground that prejudice was present. The insured, contrary to the provisions of the policy, did not give notice of the suit brought against him. By the time the company learned of the suit, a default judgment was entered. Nevertheless, this was not the basis of the court's opinion; it expressly upheld the validity of the clause which made compliance with the notice provisions a condition precedent to an action against the company. That clause is virtually the same as the one before us. But cf. Malo v. Niagara Fire Ins. Co., 282 S.W. 78 (Mo.Ct.App.1926) (Kansas City).

**4.** United States Fidelity & Guar. Co. v. W. P. Carmichael Co., 195 Mo.App. 93, 190 S.W. 648 (1916); National Paper Box Co. v. Aetna Life Ins. Co., 170 Mo. App. 361, 156 S.W. 740 (1913). Neither case involved an insurance policy with language of forfeiture or an express direction that compliance with the stated conditions was a condition precedent to an action against the company.

**5.** Walker, to Use of Foristel v. American Automobile Ins. Co., 229 Mo.App. 1202, 70 S.W.2d 82 (1934) (St. Louis), is for the same reasons unavailing to appellant. The policy there contained neither a forfeiture clause nor a condition precedent clause. In this context the court rejected the argument that a provision requiring immediate written notice of accidents within the policy's coverage constituted a condition precedent to recovery under the policy. *Id.* at 88. That the policy stated generally that it was "issued * * * subject to all the terms, provisions, conditions, limitations and agreements" set forth in it, id. at 83, did not in the court's view mean that all the conditions of the policy were to be regarded as conditions precedent to the company's liability. *Id.* at 89.

inherent in delayed investigation in this area. The possibilities that witnesses may become unavailable or uncertain sources of information, that fraudulent or collusive claims may be arranged, and that settlement may be more difficult are not so remote that we can regard the Missouri courts as sure to disregard such conditions. Absent a clear expression from the Missouri Supreme Court to the contrary, appellant's contention must be rejected.

Appellant points to two cases decided by the Eighth Circuit as supporting her view. Western Cas. & Sur. Co. v. Coleman, 186 F.2d 40 (8th Cir. 1950); Hawkeye-Security Ins. Co. v. Davis, 277 F.2d 765 (8th Cir. 1960). Both cases (decided with reference to Missouri law) involved clauses similar to the one before us, and both viewed the provisions as inadequate to relieve the insurance companies from liability, because of failure to give notice, unless prejudice was shown.

█ Although the views of the Eighth Circuit, reflecting as they do an experience more closely connected than ours with Missouri law, are entitled to weight, the law of Missouri can only be finally· and authoritatively gathered from the decisions of the courts of Missouri. Since the Missouri cases indicate to us a result different from that reached by the Eighth Circuit, we adhere to our reading of those cases. In doing so, we note that in Hawkeye-Security the Eighth Circuit followed its earlier decision in Western Casualty. Western Casualty was, how-ever, decided before the St. Louis Court of Appeals decided the Northwestern Mutual case,[6] and was based in significant part upon a reading of the Short Line case, supra, that seems broader than the case requires.[7] Furthermore, the Eighth Circuit's disposition of a request to reconsider its Western Casualty holding when Hawkeye-Security was decided lends some support to our reading of Missouri law. At that time, the court expressed its doubt as to what the Missouri Supreme Court would do if the question were before it. But counsel for appellant had conceded that Western Casualty was a permissible interpretation, at the time it was decided, of the Missouri law. Thus, the court declined to review again the Missouri cases. Repeating what it said in Western Casualty namely, that it would reverse the trial court's resolution of a doubtful issue of state law only when that resolution was "induced by a clear misconception or misapplication of local law," 277 F.2d at 770, the court followed its former decision.[8]

█ Thus, contrary to appellant's contention, it does not appear that Missouri law dictates reversal of the trial court's determination. The cases in that jurisdiction indicate that a provision making compliance with notice provisions a condition precedent to an action against the insurer is valid and enforcible. There is no question in this case that the conditions imposed by the policy were not met. The accident occurred on September 7, 1957, but appellee did not receive

6. The Western Casualty case relied in part upon an earlier decision of the Kansas City Court of Appeals, James v. United States Cas. Co., 113 Mo.App. 622, 88 S.W. 125 (1905), for its conclusion that the clause in question was not the "clear and express statement" for forfeiture required in Dezell. But the provision in James is not as clear as the one before us. The policy in James only provided that a claim was not valid "unless the provisions and conditions of the contract of insurance are complied with by the insured." And the court thought this language was ambiguous.

7. The court did not consider that in Short Line and the cases it overruled there was no language expressly requiring compliance with the conditions of the policy before recovery against the insurer could be obtained.

8. No clear signals have been given by the Missouri Supreme Court as to its approval or disapproval of the Eighth Circuit cases. In Meyers v. Smith, 375 S.W.2d 9 (1964), the court referred to the federal decisions as well as Northwestern Mutual without indicating a preference for either line of authority. Since in ·Meyers the court found compliance with the conditions of the policy (a co-operation clause), it did not have to consider the differences between these authorities.

notice of it until appellant's then attorney wrote the company on April 21, 1958, nearly eight months later. The issue pressed upon this appeal has been whether, under the terms of this policy, appellee was required to establish that it was prejudiced by this delay in receiving notice. Since neither the law of this jurisdiction nor that of Missouri places that requirement upon appellee, the judgment below should be affirmed.

It is so ordered.

FAHY, Circuit Judge, did not participate in the decision.